# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA<br><br>        Plaintiff(s),<br><br>  v.<br><br>MIRELA TODOROVA<br><br><br>        Defendant(s). | CASE NO:<br>2:21−cr−00244−VAP<br><br><br>CRIMINAL MOTION AND TRIAL ORDER |

This case is set for trial before the Honorable Judge Virginia A. Phillips, United States District Judge, Courtroom 8A, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012.

**Motions**:

1.     Judge Phillips hears motions in criminal cases on Mondays at 9:00 a.m. All pretial motions, including motions to suppress evidence, motions to bifurcate or sever, motions challenging introduction of Federal Rule of Evidence 404(b) evidence, and motions in limine shall be filed and served on all other counsel in accordance with the requirements of Local Civil Rule 6-1, i.e., at least 28 days before the date set for hearing, if the motion is served electronically or personally on

1

opposing counsel, and served at least 31 days before the scheduled hearing date if not served electronically or personally.  Opposition and reply memoranda shall be filed and served in compliance with the requirements of Local Rule 7-9, i.e., no later than 21 days and 14 days before the hearing date, respectively. All motions in limine and other trial-related motions must be noticed properly for hearing no later than the date of Pretrial Conference.  Each side is limited to three (3) motions in limine and each motion shall not be compound, i.e., each motion shall address only one item of evidence or witness or, if common grounds for exclusion or admission apply to multiple items of evidence or witnesses, only one category of evidence or witnesses. A party seeking to make more than three motions in limine must request leave of court to do so. **A conformed chambers copy of all motions, related documents, and exhibits, plea agreement(s), sentencing memoranda, and any objections to the presentence report must be delivered to the chambers courtesy box located outside of the 4th floor Clerk's Office of the First Street Courthouse no later than 5:00 p.m. the day after filing.  The chambers copy must comply with all Local Rules, including Local Rule 11-5.3 regarding formatting.**

     2.     The Pretrial Conference will be conducted at 9:00 a.m. on the Monday eight days before the trial date, June 28, 2021. (If that Monday is a court holiday, the Pretial Conference will be conducted at 9:00 a.m. on _____ , the Monday fifteen days before the trial date.) All pretrial motions, including any motions in limine, must be filed and noticed timely for hearing no later than the date of the Pretrial Conference.

     3.     Trial is set for July 13, 2021 at 8:30 a.m.

**Discovery and Notice**:

4.  Counsel for the Government and counsel for the Defendant(s) shall comply with discovery and notice matters pursuant to Federal Rules of Criminal Procedure 12, 12.1, 12.2, 12.3, 15, and 16.

**Pretrial Deadlines**:

5.  Counsel for the Government shall lodge in electronic form with the Court in camera all statements of all witnesses to be called by the Government in its case-in-chief. **The statements shall be lodged at least ten (10) calendar days before trial and shall comply with Local Rules regarding text size.**

6.  The parties must submit joint jury instructions. In order to produce the instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions and verdict forms. The jury instructions shall be submitted as follows: (1) joint jury instructions, i.e., those instructions to which all parties agree; and (2) disputed jury instructions, i.e., those instructions propounded by a party to which another party objects.  The party objecting to the disputed instructions must state the reasons for the objection and, if appropriate, provide a proposed alternative instruction with supporting authority, or explain why no instruction on that point is needed.  Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority for or source of the requested instruction except on the "jury copy" described below.

7.  An index page shall accompany all jury instructions that are submitted to the Court. The index page shall indicate the following:

    a.  The number of the instruction;

    b.  A brief title of the instruction;

      c.      The source of the instruction; and

      d.      The page number of the instruction.

EXAMPLE:

| <u>Number</u> | <u>Title</u> | <u>Source</u> | <u>Page Number</u> |
|---|---|---|---|
| 1 | Duty of the Jury | 9th Cir. 1.01 | 1 |

8.    **Jury instructions in the form described in paragraph 6 shall be submitted no later than the Wednesday of the week prior to the Pretrial Conference.**  Counsel need only submit proposed substantive instructions.  The Court will formulate general instructions based primarily on the format set out in the <u>Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit</u> (2010 Edition).

9.    If either side seeks a special verdict, counsel shall follow the procedure set forth in paragraph 6 in order to formulate a joint proposed special verdict form.  Counsel shall submit the proposed special verdict form with the proposed jury instructions.

10.    Counsel shall submit electronic versions of the proposed jury instructions and the proposed special verdict form (in Word format) to the Court at the following electronic mail address: VAP_Chambers@cacd.uscourts.gov, along with a chambers copy.

11.    The Court will send a copy of the jury instructions into the jury room for use by the jury during deliberations (the "jury copy").  Accordingly, in addition to the file copies, an extra set of the proposed instructions shall be submitted to the Court with only the text of the instructions on each page (<u>i.e.</u>, no titles, supporting authority, indication of party proposing, etc.).

12.    The Court strongly prefers counsel use the instructions from the

Manual of Model Criminal Jury Instructions for District Courts in the Ninth Circuit (2010 edition).

**The Pretrial Conference**:

13. Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

    a. The witnesses the Government expects to call in its case-in-chief and the amount of time necessary for direct and cross examination for each witness;

    b. Any anticipated problems in scheduling the witnesses;

    c. Any evidentiary issues, including problems related to Federal Rule of Evidence 404(b) evidence, anticipated objections under Federal Rule of Evidence 403, and objections to exhibits;

    d. Jury selections procedures;

    e. All pretrial motions not heard and decided previously;

    f. Any disputed jury instructions and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

    g. Whether any counsel intends to use any evidence or demonstrative aid in opening statement; and

    h. Motions to exclude witnesses from the courtroom during trial testimony.

14. If counsel for any party needs to arrange for the installation of its own equipment, such as video monitors, tape or compact disk players, notebooks, or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no later than 4:00 p.m. two business days before trial so that the necessary arrangements can be made.

**Requirements for Trial**:

15   On the first day of trial, counsel for the Government shall deliver to the Courtroom Deputy Clerk the following documents:

    a.   Three copies of the Government's witness list;

    b.   Three copies of the Government's exhibit list in the form specified by Local Civil Rule 9.9;

    c.   All of the Government's exhibits, with official exhibit tags affixed, bearing the same number as that shown on the exhibit list. Defense counsel need not deliver his/her exhibits to the Courtroom Deputy Clerk on the first day of trial; however, defense counsel is responsible for affixing exhibit tags, complete with the case name and number, to each exhibit to be used in the defense case. Exhibits shall be numbered 1, 2, 3, 4, etc. If an enlargement of an existing exhibit is to be used, counsel shall designate it with the number of the original exhibit followed by an "A." Templates for exhibit tags are available on the Court's website, using form G-014. Counsel for the Government is notified that the Court will order exhibits such as firearms, narcotics, etc. to remain in the custody of the case agent during the pendency of the trial. The case agent will be required to sign sign the appropriate form to take custody of the exhibits. It shall be the responsibility of the case agent to produce the items for court, secure them at night, and guard them while in the courtroom; and

    d.   A bench book containing a copy of all exhibits that can be reproduced. Counsel for the Government shall mark each exhibit with tabs indicating the exhibit number. Defense counsel shall provide the Court and Government counsel with a copy of the defense exhibits if introduced.

**Courtroom Procedures**:

16. Counsel shall arrive at the Courtroom not later than 8:30 a.m. each day of trial. The Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters outside the presence of the jury. The trial will commence promptly at 9:00 a.m. Counsel shall anticipate matters which may need discussion or hearing outside the presence of the jury and raise them during this period.

17. The Court is in session with the jury on Tuesdays through Fridays, 9:00 a.m. to 4:30 p.m., with a morning and afternoon break and a lunch recess from approximately 12:00 p.m. to 1:15 p.m.

18. All counsel shall observe the following practices:

   a. All counsel, defendants, and designated case agents shall rise when the jury enters and leaves the Courtroom;

   b. Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions;

   c. When objecting, counsel should state only "objection" and the legal ground for the objection (e.g., hearsay, irrelevant, etc.). Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so;

   d. Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness and should question witnesses while standing at the lectern;

   e. Counsel must address and refer to all witnesses, including their clients, by the witness's surname. Young witnesses, i.e., children younger than age 15 may be addressed by first names, however;

   f. Counsel shall not discuss the law or argue the case in opening statements;

   g. Counsel shall address all remarks to the Court and should not

address directly the Courtroom Deputy Clerk, the Court Reporter, or opposing counsel.  Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel;

      h.    Counsel shall not make an offer or stipulation unless he or she has conferred with opposing counsel and believes that the stipulation will be accepted.  Any stipulation of fact will required the defendant's (or defendants') personal concurrence and shall be submitted to the Court in writing for approval.  A proposed stipulation should be explained to the defendant(s) in advance;

      i.    While Court is in session, counsel may not leave the counsel table to confer with investigators, assistants, or witnesses in the back of the Courtroom unless the Court grants permission to do so in advance;

      j.    When a party has more than one lawyer, only one of the lawyers may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness;

      k.    If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes; and

      l.    If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

///

///

///

19. The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence. Counsel should discuss any scheduling issues with opposing counsel. If there is an objection, confer with the Court in advance.

**IT IS SO ORDERED.**

DATED: June 14, 2021

*Virginia A. Phillips*
Virginia A. Phillips
United States District Judge