**ALEX R. KESSEL (State Bar No. 110715)**
**LAW OFFICES OF ALEX R. KESSEL**
15910 Ventura Blvd., Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

Attorney for Defendant
**MIRELA TODOROVA**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br><br>MIRELA TODOROVA,<br>                Defendant, | CASE NO.: 2:21-CR-00244-VAP<br><br>**DEFENDANT MIRELA TODOROVA'S MOTION FOR PRETRIAL IN LIMINE HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING EXHIBIT**<br><br>DATE:     December 20, 2021<br>TIME:     9:00 a.m.<br>COURT:  Courtroom of the Honorable Virginia A. Phillips, United States District Judge |

**TO THE HONORABLE VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT COURT JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**INTRODUCTION**

**I.**

Defendant is charged in the instant Indictment with the following counts: (Count 1) 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii): Possession with Intent to Distribute Cocaine; (Count 2) 21 U.S.C. §§841(a)(1), (b)(1)(C): Possession with Intent to Distribute MDMA; 21 U.S.C. § 853: Criminal Forfeiture.

Defendant Mirela Todorova, hereby moves this Honorable Court to hold a pretrial hearing with respect to the following In Limine evidentiary issues:

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

1) <u>Defendant moves to exclude from evidence all references to the death of R.M. based on the following factors:</u>

    A. The evidence is irrelevant to the current charges alleged in the Indictment (Federal Rules of Evidence, Rule 401).

    B. The prejudice of the evidence far outweighs any probative value (Federal Rules of Evidence, Rule 403).

    Defendant submits R.M. purportedly died from a drug overdose involving fentanyl. The current charges in the Indictment do not involve fentanyl. Further there is no evidence defendant actually distributed any fentanyl to R.M. nor any evidence that defendant knew fentanyl was distributed to R.M.

    C. The Government has never superseded with charges against the defendant involving the distribution of fentanyl causing death to anyone including R. M.

    D. Any text messages involving R.M. cannot be connected to the defendant as the actual sender of the text messages especially since the Government has evidence that defendant's cellphones were connected to a shared cloud account which allowed multiple people to send and receive messages from the same phone numbers.

2) <u>Defendant moves to exclude specific evidence seized by law enforcement during the execution of a search warrant at her apartment on March 19, 2021based on the following factors:</u>

    A. On March 19, 2021, law enforcement executed a search warrant at the defendant's apartment. During the search law enforcement seized multiple different drug types including 901.76 grams of cocaine and 2.12 grams of MDMA which are the subject of the two counts in the Indictment. Law enforcement also seized other controlled

substances later determined to include ketamine, one pill determined to contain fentanyl, substances believed to be psilocybin mushrooms, substances believed to be lidocaine and empty pill capsules.

B. Defendant submits the other substances and drugs recovered from the defendant's apartment are not relevant to the Government's proof of the two counts alleged in the Indictment involving cocaine and MDMA, respectively (Federal Rules of Evidence, Rule 401).

C. The prejudice of other drug quantities not charged in the Indictment far outweigh any probative value (Federal Rules of Evidence, Rule 403). There is no conspiracy charged, which could allow proof of other illegal conduct.

D. Defendant submits the only question raised by the substantive charges in the Indictment, is whether defendant possessed cocaine and MDMA, respectively, with the intent to distribute. The other contraband located in the apartment are not charged in the current indictment and the drugs have no connection to the charged counts.

3) On December 2, 2021, defense counsels were provided notice of the Government's intent to offer uncharged conduct/Inextricably intertwined evidence at trial (See Government's Notice attached hereto as "Exhibit A").

Defendant objects to such noticed conduct as follows:

A. Interview with CBP:

Defendant objects to such evidence as irrelevant and prejudicial (Federal Rules of Evidence, Rules 401 and 403).

B. Interviews with couriers:

Defendant objects to such evidence as irrelevant and prejudicial. Defendant submits none of the courier evidence deals with cocaine or MDMA. Further, the evidence amounts to

bad character evidence without establishing a nexus between defendant, the couriers and the drugs in question, cocaine and/or MDMA.

C. Suspected drug distributions observed during surveillance:

Defendant submits such proffered evidence is more prejudicial than probative since the police do not know if drugs were exchanged. Further, the police never saw money given to the defendant. Finally, there is no evidence that cocaine and MDMA were exchanged.

D. Visitation to building linked to drug cartel observed during surveillance.

Defendant submits the prejudicial effect far outweighs the probative value. The Government has no competent evidence that the building is linked to a drug cartel. Further, there is no evidence that defendant knew the status of the building. Finally, the reference to a "drug cartel" is itself very prejudicial in light of the limited charges in the Indictment.

E. Interviews with undercover agents.

Defendant submits the prejudicial effect far outweighs the probative value. The Government has no evidence that the limited text interaction involved the distribution of cocaine and/or MDMA on March 23, 2021.

F. Possession of uncharged drugs, drug related materials, digital devices with drug related content and documents containing personal identifying information. Defendant objects to such evidence based on the following:

1) The uncharged drugs are irrelevant and prejudicial.

2) There is no evidence defendant was the actual sender/receiver of the subject text messages. The Government has competent evidence and previously represented to this Honorable Court that the digital devices tied to the defendant had a shared cloud account which allows multiple people to use the devices to send and receive messages unbeknownst to other users of the device.

4

   3) The Government is aware that other persons were connected to defendant's apartment and involved in the distribution of drugs from defendant's apartment and using the seized digital devices having a shared cloud account with defendant. This allowed others to send messages to potential buyers and post drug menus without the defendant's knowledge or involvement.

4) <u>Defendant moves to exclude potential evidence from the Government's use of a drug expert based on the following factors:</u>

   A. In anticipation of a government expert testifying about common drug profile characteristics to establish defendant's guilt, defendant submits the general use of drug courier profiles have been frown upon by many courts. The United States Supreme Court has defined a drug courier profile as "a somewhat informal compilation of characteristics to be typical of persons unlawfully caring narcotics" (See *Reid v. Georgia (1980) 448 U.S. 438*). Although such profiles have been upheld as a basis for reasonable suspicion to stop and question a suspect or as a basis for probable cause, courts have generally denounced the use of drug courier profile evidence as substantive evidence on the issue of defendant's innocence or guilt (See *United States v. Lim (9th Cir. 1993) 984 F.2d 331-334* and *United States v. Beltran-Rios (9th Cir. 1985) 897 F.2d 1208, 1211-1213*). The cases reveal the Ninth Circuit has admitted drug profile testimony when the Government has charged a large drug smuggling conspiracy and seeks to explain the importance of different roles, but have not admitted such evidence in situations where a single defendant is charged with a quantity of narcotics which the Government has charged as intended to be distributed (*See United States v. Cordova (9th Cir. 1997) 10 F.3d 225* and *United States v. Klimavicius-Viloria (9th Cir. 1998) 144 F.3d 1249-1258*). In the instant case there is evidence the police saw the defendant meet multiple people on one day and opined that she was conducting hand-to-hand drug transactions. However,

the police never stopped the defendant and never seized any drugs from the purported receivers of any items. There is absolutely no evidence that defendant distributed drugs on these occasions.

B. Defendant moves to exclude any expert opinion evidence and admission of any evidence to support any expert opinion based on defendant's purported hand-to-hand drug transactions (Federal Rules of Evidence, Rule 403 and Federal Rules of Evidence, Section 704(b)).

C. Defendant moves to exclude any expert witness testimony referencing any opinion about whether defendant did or did not have the intent to distribute cocaine or MDMA (See Federal Rules of Evidence, Rule 704(b), which excludes such evidence as matters for the trier of fact alone).

5) Defendant moves to exclude any evidence referencing defendant's bank accounts and any analysis of money transfers into the accounts based on the following factors:

A. The evidence does not establish the source of the monies in defendant's bank accounts.

B. The Government has no evidence that such monies specifically transferred were the proceeds from the distribution of cocaine or MDMA, which is the gravamen of the counts alleged in the Indictment.

C. There is evidence that defendant's monies were due to legitimate stock trading and profits derived from stock transactions.

D. The reference to money transfers will lead to unfair prejudice, confuse the issues, mislead the jury, cause undue delay and wasting of time (Federal Rules of Evidence, Rule 403).

6) Defendant moves to exclude her prior convictions for impeachment purposes based on the following factors:

A. Defendant's conviction on January 6, 2007, for having an open alcohol container, a misdemeanor, and defendant's conviction on June 15, 2013, for DUI, a misdemeanor, do not meet the prerequisites of admissibility under Federal Rules of Evidence, Rule 609.

Specifically, defendant's prior convictions are both remote in time and are not crimes involving a dishonest act or false statement.

### III.
### CONCLUSION

Based on the foregoing and further evidence to be offered at the hearing of this motion, defendant respectfully requests this honorable court to grant defendants In Limine requests.

DATED: December 7, 2021                    Respectfully submitted,

                                            /s/ Alex R. Kessel
                                           ALEX R. KESSEL
                                           Attorney for Defendant,
                                           **MIRELA TODOROVA**