TRACY WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652
     Facsimile: (213) 894-0142
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00244-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 2: TO EXCLUDE IMPROPER REFERENCE, TESTIMONY, AND ARGUMENT |
| v. | |
| MIRELA TODOROVA, aka "Mirela Dimitrova Todorova" and "Mimi Todorova," | Trial Date: January 4, 2022<br>Location: Courtroom of the Hon. Virginia A. Phillips |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda and Jason C. Pang, hereby files its Motion in Limine seeking to preclude evidence and arguments seeking jury nullification and other improper arguments, as well as exclude unnoticed defenses.

///

///

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 7, 2021                    Respectfully submitted,

                                                        TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


                                                        /s/
JASON C. PANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On January 4, 2022, defendant Mirela Todorova will stand trial for possession with intent to distribute controlled substances.  The government has not been made aware of possible defenses to the charged crimes.  Accordingly, out of an abundance of caution, and lacking knowledge of defendant's potential defenses, the government moves this Court to preclude improper argument for jury nullification and unnoticed defenses.

A defendant has no right to instruct the jury to nullify itself, United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1991), and accordingly has no right to present evidence relevant only to such a defense, Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).  Thus, under Rules 401, 402, and 403 of the Federal Rules of Evidence, the government seeks to preclude defendant from making any arguments (explicit or implicit), using lines of questioning, introducing evidence, or otherwise referring to, topics designed to inflame the jury or elicit jury sympathy or nullification.  Improper topics include defendant's potential penalties if found guilty at trial and a grand jury's return of no bill on a prior proposed indictment, among other things.

Though these rules of law are well-settled, the government submits this motion to avoid any possible confusion if any of these issues arise in the midst of a witness's examination, cross-examination, opening statement, closing argument, or attorney-conducted voir dire.  Because mere mention of these issues may cause confusion and unfair prejudice, they also should be excluded under Federal Rule of Evidence 403.  The government therefore requests that

the Court bar the defense from making any reference to the three topics of this motion.

## II. LEGAL STANDARD

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, evidence that is not relevant is inadmissible. A district court has "wide discretion" to exclude irrelevant evidence. United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004).

Attempts to seek jury nullification, for example, by characterizing a case as unfair or unjust, are barred under the law. In United States v. Thomas, the Second Circuit held:

> We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it when it is within their authority to prevent. . . . A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty" . . . . Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

116 F.3d 606, 615 (2d Cir. 1997) (internal quotations and citations omitted); See, e.g., Powell, 955 F.2d at 1212-13 (holding that the defendant has no right to instruct the jury to nullify itself); Steppe, 968 F.2d at 930 (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant."); see also United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (noting

2

that courts have "uniformly rejected" requests for jury nullification instructions (citing cases)).

**III. ARGUMENT**

  **A. Nullification is Inappropriate and Should be Prevented**

Because "trial courts have the duty to forestall or prevent such conduct," Thomas, 116 F.3d at 616, the government requests that this Court preclude defendant from arguing or introducing evidence -- however subtle -- designed to encourage the jury to render a verdict in her favor based on anything other than the assertion that defendant is not guilty of the crime charged in the pending indictment.  Nullification references, questions, testimony, and argument would include, but would not be limited to, the following topics:

  First, any potential penalties, including a custodial sentence, that defendant might face if convicted at trial.  United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict").

  Second, that a grand jury returned a no bill on a prior proposed indictment charging defendant with possession with intent to distribute cocaine.  As the Court is aware, on April 23, 2021, a federal grand jury returned a no bill on a prior indictment, charging defendant with possession with intent to distribute cocaine.  (Dkt. 1 at ¶71.)  On May 18, 2021, a federal grand jury issued the pending indictment, charging defendant with possession with intent to distribute cocaine and MDMA.  (Dkt. 17.)  In various hearings and submissions to the Court, the defense has raised the fact of the issuance of the prior no bill on April 23, 2021, raising concerns

3

that the defense will attempt to do so before a jury at trial as well.  See, e.g., Dkt. 28.[1]

The Court should preclude defendant and her counsel from referencing, arguing, or otherwise introducing evidence regarding the prior no bill on April 23, 2021 at trial.  As the Ninth Circuit has squarely held, "the prosecutor may seek another indictment" if a grand jury "refus[es] or "fail[s] to return an indictment." Navarro-Vargas, 408 F.3d at 1201; United States v. Williams, 504 U.S. 36, 49 (1992) ("The Double Jeopardy Clause of the Fifth Amendment does not bar a grand jury from returning an indictment when a prior grand jury has refused to do so").

"[A]dverse action by a grand jury does not bar or limit action, including contrary action, by a subsequent grand jury." United States v. Steel, 238 F.Supp. 580, 583 (S.D.N.Y. 1965) (citing United States v. Thompson, 251 U.S. 407, 413-15 (1920)).  "'A subsequent grand jury has the undoubted power to inquire into and to indict upon a charge which has been previously considered by another grand jury and which has failed to return an indictment."' Id.  Accordingly, here, the issuance of a no bill on April 23, 2021 was rendered irrelevant when a grand jury ultimately issued the pending indictment several weeks later, and the no bill on April 23, 2021 has no bearing on any fact of consequence related to the pending charges at trial.  Cf. Navarro-Vargas, 408 F.3d at 1201 ("The grand jury's decision to indict or not is unreviewable in any forum; its decision is final").

---

[1] Defendant's claim that the grand jury returned a no bill for a "charge of distributing drugs causing death" is incorrect.  The grand jury returned a no bill for a charge of possession with intent to distribute cocaine.  Compare Dkt. 1 at ¶71 with Dkt. 28-1.

4

Put simply, these categories do not bear on defendant's guilt or innocence. Accordingly, they are irrelevant and should not make their way into the trial.

### B. Unnoticed Affirmative Defenses Should Be Precluded

Defendant has not provided any notice of affirmative defenses, so she should be prohibited from relying on any such defenses. On or about June 8, 2021, the government first requested notice of defendant's intention to rely on affirmative defenses, including entrapment, alibi, duress or mental condition. The government again requested such notice on June 14, 2021, August 18, 2021, and November 17, 2021. The government did not receive any notice in response. Following the November 29, 2021 status conference, in which the Court set the January 4, 2022 trial date, the government again requested notice of defenses relating to entrapment, mental condition, duress, or alibi on multiple dates. Again, the government did not receive any notice in response. As such, absent an offer of proof from defendant establishing the elements of such affirmative defense, defendant should not be allowed to present affirmative defenses.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court exclude all reference, evidence, and argument regarding the topics outlined in this motion as they are irrelevant and unfairly prejudicial and designed solely to elicit sympathy from the jury or otherwise play upon their emotions. Further, the Court should preclude any affirmative defenses that have not been noticed as of the date of this filing.