TRACY WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652
     Facsimile: (213) 894-0142
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MIRELA TODOROVA,<br>　aka "Mirela Dimitrova Todorova"<br>　　and "Mimi Todorova,"<br><br>　　　　Defendant. | No. CR 21-00244-VAP<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 1: TO ADMIT EVIDENCE OF DEFENDANT'S OTHER ACTS<br><br>Hearing Date: January 3, 2022<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom of the Hon. Virginia A. Phillips |
|---|---|

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda and Jason C. Pang, hereby files its motion *in limine* to admit evidence of other acts by defendant MIRELA TODOROVA.

//

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 7, 2021          Respectfully submitted,

                                        TRACY L. WILKISON
                                      United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                          /s/
                                        PATRICK CASTAÑEDA
                                        JASON C. PANG
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Mirela Todorova ("defendant") is charged with possession with intent to distribute cocaine and MDMA found in her apartment during the execution of federal search warrants on March 24, 2021. The government moves to admit evidence regarding execution of those warrants, the items recovered as a result, and defendant's acts during a short period of time before the warrants. Such evidence is admissible as inextricably intertwined with the charged conduct and is thus not within the ambit of Federal Rule of Evidence 404(b). Alternatively, such evidence is admissible under Rule 404(b) as proof of defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**II.  PROPOSED EVIDENCE[1]**

**A.  Identification of Defendant**

On November 16, 2020, victim R.M. died of an overdose after ordering oxycodone pills from a contact saved in his phone as "Mimi Snowie." Law enforcement linked that contact to defendant through her cellphone number ending in -9519 (the "9519 Number"), name, and email address, which R.M. saved under that contact; subscriber data; and defendant's California Department of Motor Vehicles ("DMV") image record, showing that defendant signs her name as "Mimi Todorova."[2]

---

[1] Unless otherwise noted, this recitation of evidence reflects the anticipated testimony and related exhibits the government expects to elicit in its case-in-chief as relevant to this Motion.

[2] The death investigation remains ongoing, and the government does not intend to introduce evidence regarding it in its case-in-chief unless defendant opens the door.

**B. Pre-Search Evidence**

After R.M.'s death, law enforcement surveilled defendant at her apartment complex, walking outside, and in her car throughout Los Angeles County between approximately March 5 and 23, 2021. During that time, defendant met with and directed drug couriers and engaged in numerous suspected drug distributions. In particular, the government has noticed the following summary of **Pre-Search Evidence**, among others, that it intends to admit at trial:[3]

- **Suspected Drug Distributions**: On or about March 9, 2021, law enforcement saw defendant leave her apartment complex, stop at a Bank of America, and drive to make at least 8 stops of short duration to meet with at least 6 separate, unknown persons at various locations in Los Angeles County consistent with drug distributions. On March 23, 2021, law enforcement again saw defendant leave her apartment complex and meet with an unknown person for a short duration in which the unknown person reached into defendant's car toward defendant then walked away consistent with a drug distribution.

- **Interactions with Courier A**: Prior to March 7, 2021, Courier A ordered drugs from defendant and later learned that defendant sought drug delivery drivers. Starting on or about March 7, 2021, in text messages, defendant told Courier A about the general work schedule and pay, said she had a lawyer on retainer and would pay Courier A's legal fees if necessary, and agreed to meet with Courier A for training. On March 10, 2021, defendant trained Courier A for about an hour, and provided Courier A with various drugs and a cellphone. After the training, defendant left Courier A in Courier A's car to conduct drug deliveries at defendant's direction while defendant conducted drug deliveries in her own car. Though in separate vehicles, defendant messaged Courier A's personal cellphone directing Courier A to various customers. Defendant told Courier A to return to defendant's apartment for more drugs when necessary. After that first shift, Courier A worked two more shifts for defendant.

- **Interactions with Courier B**: On or about March 15, 2021, defendant texted another drug delivery drivers ("Courier B")

---

[3] The government provided counsel with a more detailed Rule 404(b) notice. For the sake of brevity, the government summarizes the proposed evidence relevant to this Motion and will refer to such evidence by way of their respective bolded labels herein.

and, among other things, directed Courier B to specific drug customers, instructed Courier B to return to defendant's place to "reup" the drug supply, instructed Courier B how to screen new clients and/or referrals, instructed Courier B to send and structure payments through Zelle to defendant's account in her phone number and name, paid Courier B an advance and told Courier B to take out cash from the end of Courier's B shift in an amount equal to $37.50 an hour, and informed Courier B that failure to appear for the shift would cost defendant thousands of dollars.

### C. Post-Search Evidence

On March 19, 2021, law enforcement obtained federal search warrants for defendant's person, apartment, and car and executed those warrants on March 24, 2021, which resulted in the charged drugs and a slew of other drugs and related materials. In particular, the government has noticed the following summary **Post-Search Evidence**, among others, that it intends to admit at trial:

- **Car Search & Personal Cellphone**: Inside defendant's car, in which law enforcement found defendant, law enforcement also found her personal -9519 cellphone on which they later saw numerous messages about drug sales to customers and to contacts identified as "Driver" suspected to be defendant's couriers delivering drugs at her direction. There were about nineteen total "Driver" contacts, including Courier A and Courier B.

- **Apartment Search**: Inside defendant's apartment, law enforcement found and seized about 52 drug exhibits, including various pills, powders, organic materials, cutting agents, and drugs that later tested positive for cocaine, MDMA, ketamine, and fentanyl; drug packaging materials and paraphernalia such as baggies, empty pill capsules, and scales; U.S. and Mexican currency; documents containing defendant's personal identifying information such as her passports, mail and banking documents; and digital devices on which law enforcement later extracted drug-related content.

- **Digital Devices**: law enforcement's searches and extractions of defendant's personal cellphone, a suspected DTO cellphone, and laptop show a breadth and depth of drug-related content, including but not limited to photographs of drugs, drug menus, messages with drug customers, messages with delivery drivers

regarding delivery instructions and pay, and instructions regarding drug cutting agents.

**III. THE PROPOSED EVIDENCE IS INTEXTRICABLY INTERTWINED**

The proposed evidence is admissible as so "inextricably intertwined" such that that they fall outside the ambit of Rule 404(b). See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). The Ninth Circuit recognizes two broad categories of inextricably intertwined evidence: 1) evidence that constitutes a part of the transaction that serves the basis of the criminal charge; and 2) evidence that is necessary "to permit the prosecutor to offer a coherent and compressible story regarding the commission of the crime." Id. at 1012-13.

As to the first category, "[s]uch intrinsic evidence includes evidence constituting a part of the transaction that serves as the basis for the criminal charge," which "includes contemporaneous uncharged drug transactions." United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013) (internal quotations omitted). However, a transaction that is "far removed" from the charged transaction cannot be considered a part of the charged transaction. Id. The latter category includes evidence "obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of a crime." Vizcarra, 66 F.3d at 1013.

The Ninth Circuit has further held in the drug context that "the policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.

1993) (internal quotations omitted) (affirming district court's admission of drug customer's testimony regarding uncharged drug sales as "inextricable from and provid[ing] necessary context for [the] testimony about the charged conduct."); see also United States v. Birrueta, No. 13-CR-2134-TOR, 2014 WL 11369624 (E.D. Wash. Mar. 21, 2014) (denying defendant's motion in limine to wholly exclude officer's observations of pattern of activity at defendant's home, including suspected hand-to-hand drug distributions).

    Here, the proposed evidence satisfies both categories of inextricably intertwined evidence. First, as in Williams, defendant has been "indicted for less than all of [her] actions" -- namely, possessing the remainder of the drugs and related contraband seized from her apartment, her suspected drug deals observed during surveillance, and her meeting and direction of drug delivery drivers -- all of which are part of a "single criminal episode" and thus "inextricable from and provide[] necessary context . . . about the charged conduct." 989 F.2d at 1070. Defendant's ongoing involvement in drug trafficking is supported by the above-summarized **Suspected Drug Distributions, Interactions with Couriers A and B, Car Search & Personal Cellphone, Apartment Search**, and **Digital Devices** evidence, all occurring less than three weeks before and leading up to the search warrant. At an absolute minimum, such evidence is "obviously necessary" to "explain either the circumstances under which particular evidence was obtained" -- that is execution of the search warrants leading to the charged conduct -- and "the events surrounding the commission of a crime" -- that is all the other contraband found in defendant's apartment reflecting her drug

5

trafficking operations and her prior acts in furtherance of the same. Vizcarra, 66 F.3d at 1013.

**IV. THE PROPOSED EVIDENCE IS ADMISSIBLE UNDER RULE 404(b)**

Alternatively, Rule 404(b) permits evidence of a defendant's crimes, wrongs, or bad acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "Rule 404(b) is one of inclusion, and evidence of prior acts that bears on other relevant issues apart from character traits is admissible." United States v. Berckmann, 971 F.3d 999, 1002 (9th Cir. 2020) (internal quotations, brackets, and citation omitted). Further, Rule 404(b) can be "critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston v. United States, 485 U.S. 681, 685 (1988).

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (citing United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir. 1982), and holding that a 13-year-old prior drug trafficking conviction was admissible under Rule 404(b) to show that the defendant "was familiar with distribution of illegal drugs and that his actions were not caused by accident or a mistake"); United States v. Ramirez-Robles, 386 F.3d 1234, 1245 (9th Cir. 2004) (finding testimony regarding the defendant's past, ongoing sale of methamphetamine admissible because it showed that he had both

the knowledge necessary and intent to distribute methamphetamine).

Courts "will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir. 2004) (emphasis added). After analyzing the evidence through these criteria, courts examine the evidence to determine if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Miller, 874 F.2d 1255, 1268 (9th Cir. 1989).

**A. The Proposed Evidence Proves a Material Point**

The proposed evidence concerns "defendant's prior possession or sale of narcotics" and is thus relevant and material to this case because it shows defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Vo, 413 F.3d at 1018.

The government must prove every element of the offense beyond a reasonable doubt, including the required elements of intent and knowledge. In re Winship, 397 U.S. 358, 364 (1970); United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir. 1994) ("[T]he government contends that knowledge and intent were material issues in the case simply because the government had to prove them. The government is correct on this point."); United States v. Nelson, 137 F.3d 1094, 1107 (9th Cir. 1998) (a defendant's state of mind is relevant even if undisputed at trial).

Here, the government must prove that defendant possessed the charged cocaine and MDMA with intent to distribute, and the proposed

7

evidence is evidence of defendant's intent and knowledge. For example, the **Suspected Drug Distributions, Interactions with Couriers A and B, Car Search & Personal Cellphone, Apartment Search**, and **Digital Devices** evidence makes it more probable that defendant possessed the charged cocaine and MDMA with intent to distribute and that defendant was motivated by her desire to make a profit. The same evidence also show that defendant has keen knowledge of drug trafficking procedures and operations thus reflecting her opportunity, planning and preparation, knowledge, and absence of mistake. Moreover, the same evidence shows her identity as the person who possessed the charged drugs with intent to distribute. See United States v. Ramirez, 930 F.2d 30, 1991 WL 42943, *2-3 (9th Cir. 1991) (evidence of prior drug trafficking activity is relevant to prove identity under Rule 404(b)). Accordingly, the **Pre-Search** and **Post-Search Evidence** detailed above proves several material points.

### B. The Proposed Evidence is Not Too Remote in Time

The proposed evidence all occurred within the same month as the charged conduct and is thus well within the allowable time period. United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) ("Given the fairly close similarity of the offenses, [the prior acts evidence] was not [too] remote," even though it occurred more than 10 years before the charged offense"); United States v. Martinez-Alcazar, 668 F. App'x 206, 206-07 (9th Cir. 2016) (same).

### C. Sufficient Proof Supports the Proposed Evidence

Proof of other acts need only be such that "the jury reasonably could have concluded" that the prior acts occurred. Huddleston, 485 U.S. at 691. An "[a]gent's testimony [is] sufficient to allow the jury to reasonably conclude that the act occurred and that the

8

defendant was the actor." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir. 1992). And "the testimony of a single witness can be sufficient." United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997). Here, the **Pre-Search** and **Post-Search Evidence** are supported by law enforcement's surveillance, law enforcement's seizures from defendant's apartment and subsequent analyses of the materials, extractions from defendant's digital devices that contained corroborating drug-related content, and percipient observations. Thus, sufficient proof supports the proposed evidence.

### D. The Proposed Evidence is Similar to the Offenses Charged

Factual similarity is required only when prior bad act evidence is submitted to prove intent, and the government's proffered evidence will be introduced to prove motive, opportunity, plan, knowledge, identity, and absence of mistake. See United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993) (where evidence of a prior bad act is offered to prove intent and another issue allowed by Rule 404(b), the Ninth Circuit does not require factual similarity). Nonetheless, the **Pre-Search** and **Post-Search Evidence** is substantially similar to the offenses charged. On the same day of the charged conduct, defendant also possessed other pills, powders, drugs, drug-packaging materials and tools, and digital devices containing drug-related content in her apartment, all identified as the proposed evidence. Further, her involvement in suspected drug distributions and interactions with the couriers in furtherance of drug distributions are similar to and why, in part, the government alleges defendant possessed the charged drugs with intent to distribute. Thus, the proposed evidence detailed more fully above is substantially similar to the charged offenses.

9

### E. The Proposed Evidence is Highly Probative and Not Unfairly Prejudicial

The government's proposed evidence is relevant, highly probative, and not unfairly prejudicial. Once relevance is established, "the critical question is whether the probative value of relevant evidence [is] substantially outweighed by the danger of unfair prejudice." United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990). Rule 404(b) evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . The best evidence often is." United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (citation omitted). Only evidence that "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" is considered "unfairly" prejudicial. Skillman, 922 F.2d at 1374. Thus, Rule 403 "favors admissibility," United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000), and exclusion of evidence under Rule 403 is "an extraordinary remedy to be used sparingly," United States v. Mende, 43 F.3d 1298, 1302 (9th Cir. 1995).[4] Here, the **Pre-Search** and **Post-Search Evidence** is highly relevant to the charges and tends to establish the requisite elements: namely, that defendant possessed cocaine and MDMA with intent to distribute. But such evidence is not unfairly prejudicial, nor does it unduly suggest a decision on an improper basis.

### V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

---

[4] Any potential prejudice to defendant may be eliminated or mitigated through a limiting instruction to the jury. See United Arambula-Ruiz, 987 F.2d at 604.

10