TRACY WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0637
    Facsimile: (213) 894-0142
    E-mail:    patrick.castaneda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIRELA TODOROVA,<br> aka "Mirela Dimitrova Todorova"<br>   and "Mimi Todorova,"<br><br>    Defendant. | No. 2:21-CR-00244-VAP<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   01/04/22<br>**PROPOSED TRIAL DATE:**  04/01/22 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Patrick Castañeda, and defendant MIRELA TODOROVA ("defendant"), both individually and by and through her counsel of record, Alex R. Kessel, hereby stipulate as follows:

    1.   The Indictment in this case was filed on May 18, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 26, 2021.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 27, 2021.

2. On June 8, 2021, the Court set a trial date of July 13, 2021, and a status conference date of June 28, 2021.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately five to seven days.

4. The Court has previously continued the trial date in this case from July 13, 2021 to January 4, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. This Court held a status conference in this matter on December 13, 2021. At that conference, at the request of defendant, the Court continued the trial date from January 4, 2022 to April 1, 2022.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act and which supplement the findings made by the Court at the status conference:

    a. Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B(ii): Possession with Intent to Distribute Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute MDMA; and 21 U.S.C. § 853: Criminal Forfeiture. To date, the government has produced over 13,000 pages of discovery to the defense, including investigation reports, lab reports, criminal history reports, criminal process documents, photographs, and audio-video recordings.

        b.   Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

        c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.   At the December 13, 2021 status conference, the Court advised defendant personally as to her rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived her right to be brought to trial earlier than April 1, 2022.

        e.   Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

        f.   The government does not object to the continuance.

        g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 4, 2022 to April 1, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 13, 2021                Respectfully submitted,

                                        TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                          /s/
                                        _____
                                        PATRICK CASTAÑEDA
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am MIRELA TODOROVA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 1, 2022 is an informed and voluntary one.

   /s/ via email authorization                    December 13, 2021
_____          _____
ALEX R. KESSEL                          Date
Attorney for Defendant
MIRELA TODOROVA