**ALEX R. KESSEL (State Bar No. 110715)**
**LAW OFFICES OF ALEX R. KESSEL**
15910 Ventura Blvd., Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

**MARK HOVER (State Bar No. 224780)**

Attorneys for Defendant
**MIRELA TODOROVA**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIRELA TODOROVA,<br>　　　　Defendant, | CASE NO.: 2:21-CR-00244-VAP<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S REQUEST FOR BOND CONDITIONS**<br><br>DATE:　　January 12, 2022<br>TIME:　　1:00 p.m.<br>COURT:　Courtroom of the Honorable Michael R. Wilner, United States District Court Judge |

**TO THE HONORABLE MICHAEL R. WILNER, MAGISTRATE JUDGE:**

Defendant, by and through her attorneys of record, hereby requests this honorable Court to set reasonable conditions of release based on the following changed circumstances:

**1)** Defendant has been in custody for almost 10 months.

**2)** Discovery received after the last bond hearing demonstrates defendant was not the leader nor organizer of the drug distribution scheme alleged in the Complaint. The discovery confirms that defendant was not in the jurisdiction for much of the time the alleged distribution of drugs took place in the Central District. Further, phone records and interviews of witnesses demonstrate that other persons in addition to the defendant shared a common icloud account which allowed other persons the ability to send drug related text messages

1

which could appear on defendant's cell phone even though defendant was not the actual sender of the text messages. [See 18 U.S.C. section 3142(g)(2); court should consider the weight of the evidence against the person.]

**3)** At the last bail hearing in April 2021, the government proffered information that the defendant was connected to the distribution of drugs which caused the overdose death of an individual in November 2020. However, the government has never charged the defendant with the distribution of drugs causing death despite the passage of time since March 2021. Defendant submits this information was a concern to the court at the prior bail hearing and the lack of any related charges should cause the Court to disregard the proffer.

**4)** Defendant's parents are willing to use their family home for a higher bond amount.

**5)** Defendant's parents are also willing to act as third-party custodians over the defendant.

**6)** Only one charge in the current indictment carries a potential five-year mandatory minimum sentence. However, the defendant is eligible for the safety valve and without a prior criminal history can be subject to a reduced non-mandatory minimum sentence.

**7)** Defendant incorporates herein all other mitigating factors stated in her request for reconsideration of bond conditions filed on November 21, 2021. (DKT #28)

**8)** The most current pretrial release report recommended release upon certain conditions.

**9)** Defendant has previously been diagnosed with Autism. She needs therapy which she is not receiving at MDC. Her Autism impairs her ability to communicate and fully comprehend her attorney's advice. Although not a danger, defendant's Autism can best be treated with therapy and counseling while she is out of custody. (See letter from Dr. Tice attached hereto as "Exhibit A".)

**10)** Defendant submits pursuant to 18 U.S.C. section 3142(g), the statutory factors weigh in favor of the defendant's release based on a combination of conditions. Specifically, the

following conditions can reasonably assure the appearance of defendant and the safety of any other persons and the community:

**1.** Surrender of passport

**2.** An affidavit of surety signed by defendant's parents in the amount of $100,000 justified by full deeding of the parents' single-family residence.

**3.** The parents' designation as third-party custodians over the defendant.

**4.** Intensive pretrial supervision with location monitoring and designated curfew.

**5.** Defendant to be prohibited from using all phones and computers with texting capability.

**6.** All other standard conditions of release.

Based on the foregoing and further oral argument at the hearing of the matter, defendant respectfully requests this honorable Court to release defendant on the recommended conditions.

DATED: January 5, 2022                                    Respectfully submitted,

                                                          /s/ Alex R. Kessel
                                                          ALEX R. KESSEL / MARK HOVER
                                                          Attorneys for Defendant,
                                                          **MIRELA TODOROVA**