TRACY WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652
     Facsimile: (213) 894-0142
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIRELA TODOROVA,<br>  aka "Mirela Dimitrova Todorova"<br>    and "Mimi Todorova,"<br><br>    Defendant. | No. CR 21-00244-VAP<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE POTENTIAL EVIDENCE FROM GOVERNMENT'S NOTICED EXPERT<br><br>Trial Date: January 4, 2022<br>Location:  Courtroom of the<br>           Hon. Virginia A.<br>           Phillips |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda and Jason C. Pang, hereby files its Opposition to Defendant's Motion to Exclude Potential Evidence from Government's Noticed Expert.

///

///

///

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 31, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
JASON C. PANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

At trial, the government will seek to introduce expert testimony regarding the following subjects, among other items:[1]

- The approximate market prices for cocaine and MDMA seized on March 24, 2021;

- That the amount of cocaine and MDMA seized on March 24, 2021 and charged in the indictment is consistent with distribution purposes;

- The modus operandi of drug traffickers, including the use of multiple cell phones and quick "hand-to-hand" exchanges when selling drugs; and

- That the baggies, empty pill capsules, scales, and bags full of cash found inside of defendant's apartment on March 24, 2021, are indicative of drug trafficking.

This expert testimony is exactly the type of specialized information that will assist the jury in this case.  The average juror is unaware of the particulars of drug distribution, its prices, and standard doses.  Likewise, the average juror is unaware of the modus operandi, or system of operation, of drug traffickers.  Accordingly, it is admissible at trial.

Defendant's omnibus motion in limine seeks to exclude in part expert testimony about "common drug profile characteristics," "hand-to-hand transactions," and defendant's mental state.  (Dkt. 43 at 5-6.)  Defendant's motion regarding the government's anticipated expert

---

[1] Absent a stipulation, the government also intends to introduce expert testimony about the chemical testing of the charged drugs in this case.  Defendant's motion does not address that proposed expert testimony.

testimony is contrary to controlling law and, therefore, should be denied.

**II. ARGUMENT**

    **A. Modus Operandi Testimony Should be Admitted**

Defendant argues that the Court should preclude the government from introducing expert testimony about "common drug profile characteristics" at trial, including defendant's observed hand-to-hand transactions in the days leading up to March 24, 2021. (Dkt. 43 at 4.) Contrary to defendant's arguments, the Ninth Circuit has "repeatedly upheld" the admission of expert testimony regarding "the modus operandi of drug traffickers." United States v. Nichols, 786 F. App'x 624, 628 (9th Cir. 2019) (citing United States v. Anchrum, 590 F.3d 795, 804 (9th Cir. 2009)). Although defendant broadly proclaims that Ninth Circuit case law only authorizes admission of modus operanti testimony "when the Government has charged a large drug smuggling conspiracy and seeks to explain the importance of different roles" and not "in situations where a single defendant is charged with a quantity of narcotics which the Government has charged as intended to be distributed," she is incorrect. (Dkt. 43 at 5.) In fact, the Ninth Circuit's seminal decision regarding the admissibility of modus operanti expert testimony in drug cases involves a single defendant who was charged with "one count of possession of controlled substances with intent to distribute" -- and not a multi-defendant conspiracy. Anchrum, 590 F.3d at 798.

Defendant's citation to United States v. Lim, 984 F.2d 331 (9th Cir. 1993), is notable only in so far as she fails to acknowledge that subsequent Ninth Circuit cases have explicitly "limited the scope of Lim to its facts, to those cases where a drug courier

2

profile is used to impute guilt upon otherwise innocent behavior." United States v. Hernandez-Silva, 32 F. App'x 856, 859 (9th Cir. 2002); United States v. Webb, 115 F.3d 711, 715 (9th Cir. 1997), rev'd on other grounds, United States v. Hankey, 203 F.3d 1160, 1169 n. 7 (9th Cir. 2000).

Unlike the facts in Lim, where the evidence against the defendant was a "profile [that] was applied to two innocuous bits of evidence concerning Lim—the fact that he was engaging in domestic travel and was not carrying drugs," Lim, 984 F.2d at 335 (emphasis in original), the evidence here against defendant is independently inculpatory, including but not limited to:[2]

- The charged drugs were found in defendant's apartment, along with other uncharged drugs, baggies, empty pill capsules, scales, bags full of cash, and defendant's passports and other identifying documents;

- On March 23, 2021, law enforcement saw defendant manipulating her phone when an undercover officer texted the phone number associated with that phone. The next day, on March 24, 2021, law enforcement arrested defendant, seized defendant's phone, and found coded drug trafficking conversations and pictures, including a menu of drugs for delivery, on that phone; and

- In March 2021, defendant hired and trained Courier A as a drug delivery driver, including offering to pay Courier A's legal fees if necessary and directing Courier A to deliver

---

[2] This reflects the anticipated testimony and related exhibits the government expects to elicit in its case-in-chief as relevant to this Opposition.

3

drugs to various customers throughout Los Angeles County, and possibly elsewhere.

In other words, defendant's behavior is "far from innocent," Hernandez-Silva, 32 F. App'x at 859, and the government's proffered modus operandi expert testimony, including about defendant's hand-to-hand transactions, is admissible at trial.  See also United States v. Birrueta, No. 13-CR-2134-TOR, 2014 WL 11369624 (E.D. Wash. Mar. 21, 2014) (denying defendant's motion in limine to wholly exclude officer's observations of pattern of activity at defendant's home, including suspected hand-to-hand drug transactions).

### B. Modus Operandi Testimony Does Not Address Defendant's Mental State

Defendant also argues that the Court should exclude "any opinion about whether defendant did or did not have the intent to distribute cocaine or MDMA."  (Dkt. 43 at 6.)  The government does not intend to elicit opinions from its proffered expert regarding defendant's mental state.  To the extent that defendant is arguing that modus operandi expert testimony impermissibly opines upon her mental state, the Ninth Circuit has squarely rejected that claim.  See Anchrum, 590 F.3d at 805 (noting that modus operandi testimony "describe[s] a common practice of those who do have such intent" rather than any specific defendant's mental state).

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's omnibus motion in limine as to the government's proffered modus operandi expert witness.