TRACY WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652
     Facsimile: (213) 894-0142
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>MIRELA TODOROVA,<br>　aka "Mirela Dimitrova<br>　　　Todorova,"<br>　aka "Mimi,"<br>　aka "$clubmimi,"<br>　aka "clubmimi,"<br>　aka "mimiclub,"<br>　aka "123mimi@gmail.com,"<br>　aka "John Mitchell,"<br>　aka "johnmitchell123<br>　　　@mail.com," and<br>MUCKTARR KATHER SEI,<br>　aka "Kather Sei,"<br>　aka "Kat,"<br><br>　　　　Defendants. | No. 2:21-CR-00244(A)-VAP<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATES:**<br>　Defendant Todorova: 05/03/2022<br>　Defendant Sei:　　　 04/26/2022<br><br>**PROPOSED TRIAL DATE:** 08/16/2022 |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Patrick Castañeda and Jason C. Pang; defendant MIRELA TODOROVA ("defendant"), both individually and by and through her counsel of record, John Kirby and Mark Hover; and defendant MUCKTARR KATHER SEI, both individually and by and through his counsel of record, Gregory A. Nicolaysen, hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on February 24, 2022. Defendant TODOROVA first appeared before a judicial officer of the court in which the charges in the First Superseding Indictment were pending on February 28, 2022, before the Honorable André Birotte, Jr. Defendant SEI first appeared before a judicial officer of the court in which the charges in this case were pending on February 28, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 9, 2022.[1]

2. For defendant TODOROVA, on February 28, 2022, the Court set a trial date of May 3, 2022, and a pretrial conference for April 25, 2022. For defendant SEI, on March 14, 2022, the Court set a trial date of April 26, 2022, and a status conference date of April 18, 2022.

---

[1] The original Indictment in this case was filed on May 18, 2021, charging defendant TODOROVA only. Defendant TODOROVA first appeared on the original Indictment before a judicial officer of the court in which the charges in this case were pending on April 26, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant TODOROVA on the original Indictment commence on or before July 27, 2021. The Court has previously continued the trial date on the original Indictment for defendant TODOROVA from July 13, 2021, to March 29, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The parties agree that the Speedy Trial Act clock restarted following the filing of the First Superseding Indictment. United States v. King, 483 F.3d 969, 972-74 (9th Cir. 2007).

3. Defendants TODOROVA and SEI are detained pending trial. The parties estimate that the trial in this matter will last approximately two weeks.

4. By this stipulation, all defendants move to continue the trial date to August 16, 2022, and the status conference date to August 8, 2022. This is the first request for a continuance with respect to the First Superseding Indictment.

5. The parties further request that the Court set the following motions briefing and hearing schedule:

   a. Any such motion must be filed no later than July 15, 2022;

   b. Responses/oppositions to any such motions must be filed no later than July 29, 2022;

   c. Any reply in support of such motions will require leave of court; and

   d. The motions hearing shall be on the same date and time as the August 8, 2022 status conference, or another date that same week as convenient for the Court.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged variously in the First Superseding Indictment with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846(a)(1), (b)(1)(B)(ii) and (b)(1)(C) (All Defendants); distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (All Defendants); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

3

(b)(1)(B)(ii) (Defendant TODOROVA); and possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Defendant TODOROVA). To date, the government has produced over 13,000 pages of discovery to defendant TODOROVA, including investigation reports, lab reports, criminal history reports, criminal process documents, photographs, audio-video recordings, and digital data. On March 18, 2022, counsel for defendant SEI requested discovery, which the government will produce during the week of March 21, 2022.

   b. Due to the nature of the prosecution, including the charges in the First Superseding Indictment and the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. On or about May 26, 2021, defendant TODOROVA's current counsel, Mark A. Hover, entered the case as counsel of record. On or about March 17, 2022, defendant TODOROVA's new counsel, John D. Kirby, substituted in as counsel of record,[2] joining attorney Mark A. Hover. On or about March 14, 2022, defendant SEI's current counsel, Gregory A. Nicolaysen, substituted in as counsel of record. Defense counsel for all defendants have represented the trial conflicts enumerated in Exhibit A attached hereto. Accordingly, all counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

---

[2] Mr. Kirby is reflected on the docket as counsel of record for defendant TODOROVA. On March 17, 2022, on behalf of defendant TODOROVA, Mr. Kirby filed a motion to substitute himself in place of attorney Alex Kessel, which remains pending before the Court as of March 18, 2022.

4

       d.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       e.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

       f.   The government does not object to the continuance.

       g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

   7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 18, 2022, to August 16, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy

5

trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 18, 2022                Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/
PATRICK CASTAÑEDA
JASON C. PANG
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1  I am MIRELA TODOROVA's attorney. I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client. I have fully informed my client of her Speedy Trial
4  rights. To my knowledge, my client understands those rights and
5  agrees to waive them. I believe that my client's decision to give up
6  the right to be brought to trial earlier than August 16, 2022 is an
7  informed and voluntary one.

8  _____   3/23/22
9  JOHN D. KIRBY                      Date
   MARK A. HOVER
10 Attorneys for Defendant
   MIRELA TODOROVA
11

12  I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than August 16, 2022.

16 x _Mirela Todorova_____         x  03/23/22
17 MIRELA TODOROVA                     Date
   Defendant

7

I am MUCKTARR KATHER SEI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 16, 2022 is an informed and voluntary one.

_____     3/29/2022
GREGORY A. NICOLAYSEN              Date
Attorney for Defendant
MUCKTARR KATHER SEI

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 16, 2022.

_____ (by consent)    3/29/2022
MUCKTARR KATHER SEI                 Date
Defendant

8

# EXHIBIT A

**TRIAL CONFLICTS FOR DEFENDANT TODOROVA'S COUNSEL, JOHN D. KIRBY**

1. <u>United States v. Cardoza, et al.</u>, 21-CR-2936-GPC (S.D. Cal.): two defendant "border bust" involving a large amount of narcotics found in a vehicle when it crossed into the United States from Mexico. The case is set for trial beginning on May 10, 2022 and expected to last 5 – 8 days.

**TRIAL CONFLICTS FOR DEFENDANT SEI'S COUNSEL, GREGORY A. NICOLAYSEN**

1. <u>U.S. v. Landa-Rodriguez, et al.</u>, CR 18-173-GW; CLIENT: Bryanna McCullah (#63); TRIAL DATE: (to be continued subject to grouping of defendants); NATURE OF CASE: RICO / drugs (70+ defendants)
2. <u>U.S. v. Villareal-Uriarte et al.</u>, 2:21-cr-528-AB; CLIENT: Luis Rafael Villareal-Uriarte; TRIAL DATE: March 29, 2022; NATURE OF CASE: alien smuggling (1324)
3. <u>U.S. v Elias, et al.</u>, CR 19-690; CLIENT: Luis Elias; TRIAL DATE: April 12, 2022; NATURE OF CASE: Drugs
4. <u>U.S. v. Camargo-Lopez</u>, 2:21-cr-501-DSF; CLIENT: Jorge Munoz-Munoz; TRIAL DATE: April 26, 2022; NATURE OF CASE: alien smuggling (1324)
5. <u>U.S. v. Soto Perez, et al.</u>, CR 2:18-CR-354-DSF; CLIENT: Rosario Rios-Iribe; TRIAL DATE: April 26, 2022; NATURE OF CASE: Drugs
6. <u>U.S. v. Laredo, et al</u>., CR 18-892; CLIENT: Frank Gomez; TRIAL DATE: May 17, 2022; NATURE OF CASE: RICO – gang
7. <u>U.S. v. Catrina Gipson, et al.</u>, CR 5:20-cr-00075-JAK; CLIENT: Bianka Logie; TRIAL DATE: May 17, 2022 (stipulation in progress to continue date); NATURE OF CASE: EDD Fraud

8. U.S. v. Sanchez-Martinez, et al., ED CR 20-cr-153-JAK; CLIENT: Jose Pastor Mejia Sanchez; TRIAL DATE: May 24, 2022; NATURE OF CASE: marijuana cultivation - national forest
9. U.S. v. Merejil, et al., CR 18-774; CLIENT: Alejandro Sandoval; TRIAL DATE: June 7, 2022; NATURE OF CASE: drug conspiracy
10. U.S. v Lopez-Amaya, 2:21-cr-00405-DSF-1; CLIENT: Gregorio Lopez-Amaya; TRIAL DATE: June 7, 2022; NATURE OF CASE: felon in possession
11. U.S. v. Sumlin, CR 18-473-CAS; CLIENT: Byron Sumlin; TRIAL DATE: June 28, 2022; NATURE OF CASE: firearms.
12. U.S. v. Santillan Valencia, 2:21-cr-00588-JFW; CLIENT: Rafael Castillo; TRIAL DATE: August 2, 2022; NATURE OF CASE: Export Violation