STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652
     Facsimile: (213) 894-0142
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>             v.<br><br>MIRELA TODOROVA,<br>  aka "Mirela Dimitrova<br>      Todorova,"<br>  aka "Mimi,"<br>  aka "$clubmimi,"<br>  aka "clubmimi,"<br>  aka "mimiclub,"<br>  aka "123mimi@gmail.com,"<br>  aka "John Mitchell,"<br>  aka "johnmitchell123<br>      @mail.com," and<br>MUCKTARR KATHER SEI,<br>  aka "Kather Sei,"<br>  aka "Kat,"<br><br>           Defendants. | No. 2:21-CR-00244(A)-AB<br><br>[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**NEW TRIAL DATE:**        05-09-23<br><br>**PRE-TRIAL CONFERENCE:**  ~~05-01-23~~<br>                           04-21-23 |

    Having heard from plaintiff, the United States of America, by

and through its counsel of record, Assistant United States Attorney

Patrick Castañeda; defendant MIRELA TODOROVA ("defendant TODOROVA"), both individually and by and through her counsel of record, John D. Kirby; and defendant MUCKTARR KATHER SEI ("defendant SEI"), both individually and by and through his counsel of record, Gregory A. Nicolaysen, at a status conference held before this Court on August 8, 2022, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

    1.    The First Superseding Indictment in this case was filed on February 24, 2022. Defendant MIRELA TODOROVA ("defendant TODOROVA") first appeared before a judicial officer of the court in which the charges in the First Superseding Indictment were pending on February 28, 2022, before the Honorable André Birotte, Jr. Defendant SEI first appeared before a judicial officer of the court in which the charges in this case were pending on February 28, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 9, 2022.[1]

    2.    For defendant TODOROVA, on February 28, 2022, the Court set a trial date of May 3, 2022, and a pretrial conference for April

---

[1] The original Indictment in this case was filed on May 18, 2021, charging defendant TODOROVA only. Defendant TODOROVA first appeared on the original Indictment before a judicial officer of the court in which the charges in this case were pending on April 26, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant TODOROVA on the original Indictment commence on or before July 27, 2021. The Court has previously continued the trial date on the original Indictment for defendant TODOROVA from July 13, 2021, to March 29, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The parties have agreed that the Speedy Trial Act clock restarted following the filing of the First Superseding Indictment. United States v. King, 483 F.3d 969, 972-74 (9th Cir. 2007).

25, 2022. For defendant SEI, on March 14, 2022, the Court set a trial date of April 26, 2022, and a status conference date of April 18, 2022.

  3. Defendants TODOROVA and SEI are detained pending trial. The parties estimate that the trial in this matter will last approximately two weeks. Both defendants are joined for trial and a severance has not been granted.

  4. The First Superseding Indictment charges the following: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846(a)(1), (b)(1)(B)(ii) and (b)(1)(C) (both defendants); distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (both defendants); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) (defendant TODOROVA); and possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (defendant TODOROVA). To date, the government has produced over 18,000 items of discovery to defendants, including investigation reports, lab reports, criminal history reports, criminal process documents, photographs, audio-video recordings, and digital data.

  5. The Court has previously continued the trial date in this case for defendant SEI from April 26, 2022, to August 16, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court has previously continued the trial date in this case for defendant TODOROVA from May 3, 2022, to August 16, 2022, and found

the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6. On August 8, 2022, this Court held a status conference in this case. Defendant SEI appeared in person with his counsel of record. Upon the request of defendant SEI through counsel, the Court continued the trial date from August 16, 2022, to May 9, 2023.[2] Defendant TODOROVA appeared in person with her counsel of record. Through her counsel, defendant TODOROVA objected to continuing the trial in this matter. Defendant TODOROVA is joined for trial with defendant SEI, as to whom the time for trial has not run and no motion for severance has been granted. This Order supplements the findings and orders made by the Court at that conference.

7. Due to the nature of the prosecution, including the charges in the First Superseding Indictment and the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Furthermore, if this case were to proceed to trial, given the nature of the prosecution and the charges in the First Superseding Indictment, the most serious of which includes a 20-year mandatory minimum sentence, the parties anticipate that they may need to retain multiple technical and medical expert witnesses.

---

[2] Counsel for defendant SEI also asked the Court to grant the previously filed stipulation between defendant SEI and the government requesting a continuance of the trial date (Dkt. 108), which this Court granted after the status conference, (Dkt. 114).

4

      8.    The government does not object to the continuance.

      9.    The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

      10.   The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

      11.   Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

      12.   Failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, <u>18 U.S.C. § 3161</u>.

      THEREFORE, FOR GOOD CAUSE SHOWN:

      1.    The trial in this matter is continued for both defendants from August 16, 2022, to May 9, 2023, at 8:30 a.m. The status conference hearing is continued to ~~May 1, 2023~~ April 21, 2023, at ~~a time to be determined by the Court~~ 1:30 p.m. The briefing schedule for any motions shall be:

          a.    Any such motion must be filed no later than March 31, 2023;

5

        b.   Responses/oppositions to any such motions must be filed no later than April 7, 2023;

        c.   Any reply in support of such motions will require leave of court; and

        d.   The motions hearing shall be on the same date and time as the ~~May 1,~~ [April 21] 2023 status conference, or another date that same week as convenient for the Court.

2.   The time period of August 16, 2022, to May 9, 2023, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(6), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

September 22, 2022
DATE

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
PATRICK CASTAÑEDA
JASON C. PANG
Assistant United States Attorneys

6