E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652/5487
     Facsimile: (213) 894-0141
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov
                Suria.Bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00244(B)-AB |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (DKT. 219) |
| v. | |
| MIRELA TODOROVA, et al., | Hearing Date: May 20, 2024<br>Hearing Time: 10:00 a.m. |
| Defendants. | Location:   Courtroom of the Hon. André Birotte, Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda, Jason C. Pang, and Suria M. Bahadue, hereby files its Opposition to defendant Mirela Todorova's Motion for a Bill of Particulars.

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Mirela Todorova and Mucktarr Kather Sei led a drug-delivery business that used a network of drivers, including co-defendants Christopher Moreno Nunez and Ashley Johnson, to deliver drugs, including purported oxycodone pills, to customers. Despite her assurances otherwise, Todorova's oxycodone pills contained fentanyl, causing the fatal overdose of R.M. and three near fatal overdoses of B.L.H., S.L., and H.A. Although the charges against defendants Todorova and Sei relating to R.M.'s death have been pending since February 2022, defendant Todorova now moves for a bill of particulars as to those charges. Her motion should be denied. It is untimely, and the Second Superseding Indictment ("SSI") and voluminous discovery provide ample notice of the charges against her.

**II.   RELEVANT FACTUAL BACKGROUND[1]**

In February 2022, the government filed a 25-page First Superseding Indictment ("FSI") charging defendants Todorova and Sei with conspiracy to possess with the intent to distribute and distribution of cocaine, MDMA, and purported oxycodone, the last of which contained fentanyl, "resulting in the death and serious bodily injury of R.M.," in violation of 21 U.S.C. § 846 (Count One). (FSI at 1-20.)[2] The conspiracy count alleged 93 overt acts, which include defendant Todorova's supply of and defendant Sei's distribution of

---

[1] The government incorporates herein the factual background in its Opposition to Defendants' Joint Motion to Sever, which the government has requested to be filed under seal on April 26, 2024.

[2] Defendant Todorova was initially charged in a Criminal Complaint in April 2021 (Dkt. 1), and then in an Indictment shortly thereafter (Dkt. 17.)

fentanyl-laced oxycodone pills to R.M. (Dkt. 64 ("FSI"), O.A. 30-31.)

Specifically, Overt Act No. 30 alleged that "[o]n or about November 15, 2020, after a drug customer, R.M., placed an order for drugs to defendant Todorova's phone number, defendant Sei delivered one gram of cocaine and two purported oxycodone pills containing fentanyl to R.M. at R.M.'s home." (FSI, O.A. 30.) And Overt Act No. 31 alleged that "[o]n or about November 16, 2020, after R.M. requested a trade of the one gram of cocaine for five purported oxycodone pills containing fentanyl, defendant Sei returned to R.M.'s home, called R.M. from a cellphone that defendant Todorova provided defendant Sei for use in coordinating drug sales, and delivered five additional purported oxycodone pills containing fentanyl to R.M.; the use of the purported oxycodone pills containing fentanyl and delivered by defendant Sei to R.M. on November 15 and 16, 2020, resulted in the death and serious bodily injury of R.M., on or about November 16, 2020." (O.A. 31.)

The FSI also charged both defendants Todorova and Sei with distributing purported oxycodone pills that contained fentanyl, resulting in R.M.'s death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two). (Dkt. 64 at 21.) Last, the FSI charged defendant Todorova with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) (Count Three) and MDMA, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Four). (Dkt. 64 at 22-23.)

In April 2024, the government filed a 33-page SSI. For the conspiracy count, the government charged two additional defendants -- Moreno Nunez and Johnson -- who served as delivery drivers for

Todorova's drug-delivery business.  (See SSI at 3.)  The conspiracy count alleged 114 overt acts, including R.M.'s fatal overdose and additional overt acts relating to distributions of purported oxycodone pills that resulted in three more near-fatal overdoses.  (See O.A. 60, 67, 79.)  The SSI added corresponding substantive counts of distribution for those three victims against defendants Todorova and Sei and the corresponding driver.  (See Counts Three-Five).  Finally, the SSI charged defendant Todorova with two new counts for possessing methamphetamine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count Six), and making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Count Nine).  (See generally SSI.)

Relevant here, the SSI alleges the same overt acts from the FSI detailing defendant Todorova's supply and defendant Sei's distribution of fentanyl-laced oxycodone pills to R.M. (id., O.A. 38-39), and the same substantive count of distribution against defendants Todorova and Sei relating to R.M.'s death (SSI at 24).

Since charging this case, the government has produced over 620,000 pages of discovery, including defendant Todorova's, defendant Sei's, and R.M.'s communications for the delivery of fentanyl-laced oxycodone to R.M., ring footage corresponding to the timing of those communications and depicting Sei's white Honda Civic arrive and depart from R.M.'s house twice, body-worn camera footage of law enforcement responding to R.M.'s death, photographs of R.M. and drugs found at the scene, and law enforcement reports detailing the same.  In addition, the government disclosed expert reports regarding the cause of R.M.'s death and will disclose any supplemental reports as necessary.

**III. ARGUMENT**

    **A.   Legal Standard**

The indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). It must "contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." United States v. Martin, 783 F. 2d 1449, 1452 (9th Cir. 1986). If an indictment fails to meet this standard, it can be corrected by a bill of particulars. Federal Rule of Criminal Procedure 7(f) provides:

> **Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The consideration of whether an indictment satisfies Rule 7(c)(1) or whether Rule 7(f) requires a bill of particulars is similar: the key question is whether defendant has been sufficiently apprised of the charges against him. United States v. Vaughn, 722 F.3d 918, 927 (7th Cir. 2013). The denial of a motion for a bill of particulars is within the discretion of the district court. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). The purpose of a bill of particulars is designed to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation, and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991).

A bill of particulars is less necessary when, as here, the charge does not require the government to provide a defendant with all of the overt acts that might be proved at trial. United Stated v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (citing United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)); see also Giese, 597 F.2d at 1180 (affirming denial where indictment that included overt acts included more information than defendant had a right to demand because government need not disclose all of the overt acts in furtherance of the conspiracy).

Given a bill of particular's limited purpose of providing notice of the charges, a district court should not require the government to file one when the indictment adequately informs a defendant of the charges against him. See Giese, 597 F.2d at 1180 ("To the extent that the indictment . . . itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary."); see also United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985), amended on other grounds, 777 F.2d 543 (1985) (issue is whether "the indictment is insufficient to permit the preparation of adequate defense"; court affirmed denial where defendant requested names of unknown co-conspirators, the exact date on which the conspiracy began, and a delineation of all overt acts).

A bill of particulars is also properly denied where the government's discovery materials provide the defendant with adequate notice of the charges. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Long, 706 F.2d at 1054; see also Giese, 597 F.2d at 1180.

**B.    Defendant's Request is Untimely**

Defendant Todorova seeks a bill of particulars to "identify the operative facts" the government intends to "rely on to establish the exact mechanism of R.M.'s" death.  (Mot. at 1-2.)  To start, the Court should deny defendant's motion as untimely.  Rule 7(f) provides that a defendant may seek a bill of particulars "within 14 days after arraignment or at a later time if the court permits."  The government filed the FSI in this case in February 2022 charging defendants Todorova and Sei with conspiring to distribute purported oxycodone pills that actually contained fentanyl, the use of which resulted in R.M.'s death, alleging the same overt acts set forth in the SSI.  (Compare FSI, O.A. 30-31, with SSI, O.A. 38-39.)

While Rule 7(f) permits the filing of such motions "at a later time if the court permits," defendant has not even addressed why this Court should allow her to file this motion long after the 14-day deadline has elapsed.  See United States v. McKay, 70 F. Supp. 2d 208, 211 (E.D.N.Y. 1999) (denying motion for bill of particulars where defendant "offered no factual circumstances to indicate good cause for extending" Rule 7(f)'s time limit); United States v. Damante, No. 11-CR-64-JCM, 2011 WL 4007623, *1 (D. Nev. Sept. 8, 2011) (denying motion for bill of particulars filed four months after arraignment because "[d]efendant cannot wait this long and then, when the case approaches trial, feign uncertainty as to the charges against him").  On this basis alone, the motion should be denied.

**C.    The SSI and Discovery Amply Provide Notice of the Charges**

Even if timely, Todorova's motion fails on the merits.  As the Ninth Circuit has explained, where an indictment "itself provides details of the alleged offense, a bill of particulars is, of course,

6

1   unnecessary." Giese, 597 F.2d at 1180. That is particularly true in
2   conspiracy cases when "the information available to [a defendant]
3   [is] actually more than he had a right to demand, for there is no
4   requirement in conspiracy cases that the government disclose even all
5   the overt acts in furtherance of the conspiracy." Id.
6       That is the case here. The SSI extensively details the charges
7   against defendant Todorova, alleging over 100 overt acts that specify
8   who committed the act, when it was committed, and the conduct that
9   was committed in furtherance of the conspiracy. (See SSI at 1-23.)
10  As for R.M.'s death, the SSI explicitly alleges that defendant Sei
11  first delivered two pills on or about November 15, 2020, and then
12  five pills on or about November 16, 2020, and that the use of the
13  delivered pills containing fentanyl resulted in R.M.'s death. (See
14  SSI, O.A. 38-39.) That is all the law requires. See, e.g., United
15  States v. Robertson, 15 F.3d 862, 873-74 (9th Cir. 1994), rev'd on
16  other grounds, 514 U.S. 669 (1995) (bill of particulars unwarranted
17  when indictment "contained the names of alleged coconspirators, the
18  approximate dates on which the alleged illegal conduct occurred, and
19  the overt acts that comprised the illegal activity"). In fact,
20  because the government is not required to allege any overt acts for
21  conspiracy charges, defendant already has far more information than
22  she has "a right to demand." Giese, 597 F.2d at 1180. Beyond the
23  SSI, the government has produced voluminous discovery regarding
24  R.M.'s death, Long, 706 F.2d at 1054, and "[f]ull discovery obviates
25  the need for a bill of particulars," Giese, 597 F.2d at 1180-81.
26      Defendant nonetheless claims that she is entitled to know "the
27  operative facts that the government seeks to rely on" to "establish
28  the exact mechanism" of R.M.'s death. (Mot. at 1-2.) But the SSI

7

and discovery already provide this information. The overt acts allege that R.M. used the purported oxycodone pills delivered on November 15, 2020, and November 16, 2020, not the pills stuffed in his wallet. (SSI, O.A. 38-39.)

In any event, defendant is wrong: the law does not entitle her to more. The Ninth Circuit has made clear that "[a]n indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." United States v. Mancuso, 718 F.3d 780, 790 (9th Cir. 2013) (citation omitted). Indeed, "[a]cquisition of evidentiary detail is not the function of the bill of particulars." United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). And in United States v. DiCesare, the Ninth Circuit explicitly held that a "bill of particulars is not warranted to . . . delineate all other overt acts that comprised the charged activity." 765 F.2d at 897-98. Likewise, an "indictment is not required to specifically allege how a violation was committed." United States v. Galecki, 2018 WL 2390062, at *3-4 (D. Nev. May 24, 2018) (citing DiCesare to deny request for bill of particulars where it was filed 18 months after arraignment and defendant asked for "specific acts or conduct in reference to particular paragraphs or counts"); see also United States v. Miguel, 2010 WL 3528984, at *4 (D. Haw. Sept. 9, 2010) (citing DiCesare to deny bill of particulars where defendant argued that the overt acts were not "sufficiently specific").

Defendant's cases do not support a bill of particulars here. They either do not involve conspiracy charges (which do not require the government to allege any overt acts), United States v. Barket,

8

380 F. Supp. 1018, 1020 (W.D. Mo. 1974) (noting complexity of charging statute necessitated bill of particulars), or they involve defects not present here, United States v. Honneus, 508 F.2d 566, 570 (1st Cir. 1974) (offense location); United States v. Davis, 330 F. Supp. 899, 902-03 (N.D. Ga. 1971 (exact dates and locations of offenses). Last, United States v. Manetti, 323 F. Supp. 683, 696 (D. Del. 1971), supports the government's position. There, the district court noted that while a defendant is entitled to participants' names and the time and place of the charges, a defendant "is not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial." Id. at 696. That is exactly what defendant seeks to do here, and even her own authority explains how that is not a valid basis for a bill of particulars. See also United States v. Grace, 401 F. Supp. 2d 1103, 1107 (D. Mont. 2005) (A "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." (citing United States v. Kendall, 665 F.2d 126, 135 (9th Cir. 1981))); see also United States v. Bundy, 2016 WL 9045854, at *8 (D. Nev. Aug. 18, 2016) (denying bill of particulars where defendants sought "evidentiary details and what amounts to a roadmap of the government's case").

Last, aside from offering general quotations from caselaw (Mot. at 5), defendant fails to specify how any prejudice or surprise would flow from denial of a bill of particulars. See, e.g., Robertson, 15 F.3d at 874 (finding "conclusory statements" "are insufficient to establish prejudice" to merit bill of particulars). Nor could she: the SSI and voluminous discovery adequately enable her to prepare for

9

trial or plead double jeopardy in any subsequent proceedings. The law requires nothing more.

**IV.  CONCLUSION**

    For the foregoing reasons, the government respectfully requests that this Court deny Defendant Todorova's Motion for a Bill of Particulars.