E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652/5487
     Facsimile: (213) 894-0141
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov
                Suria.Bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>MIRELA TODOROVA, et al.<br><br>          Defendants. | No. CR 21-CR-00244(B)-AB<br><br>OPPOSITION TO DEFENDANT MIRELA TODOROVA'S MOTION FOR GRAND JURY TRANSCRIPTS (DKT. 216)<br><br>Hearing Date: May 20, 2024<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon. André Birotte, Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda, Jason C. Pang, and Suria M. Bahadue, hereby files its Opposition to defendants Mirela Todorova's Motion for Disclosure of Grand Jury Transcripts (Dkt. 216).

///

///

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 29, 2024         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


          /s/
_____
PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Mirela Todorova led a deadly drug-trafficking conspiracy selling fentanyl-laced drugs that resulted in R.M.'s death and three near-fatal overdoses.  She and her three coconspirators have been charged in the Second Superseding Indictment ("SSI") with a variety of drug trafficking crimes, including in Count One of Conspiracy to Distribute Controlled Substances Resulting in Death or Serious Bodily Injury.  Defendant now moves under Rules 6(e)(3)(E) of the Federal Rules of Criminal Procedure for an order compelling disclosure of grand jury transcripts in this case.

The Court should deny defendant's request because she has failed her burden to show a particularized need, as required by controlling Ninth Circuit law.  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (holding that a defendant must establish a "particularized need" to breach grand jury secrecy); United States v. Tajideen, 319 F. Supp. 3d 445, 472-73 (D.D.C. 2018) (the threshold for such a showing is "very demanding," and disclosure of grand jury information is "exceedingly rare") (cleaned up).  Defendant argues that she is entitled to breach the presumption of grand jury secrecy because of her "suspicions" [sic] about eleven "possible" omissions in the government's presentation to the grand jury.  (Mot. at 6.)[1]  But defendant's speculation about what was presented to the grand jury, including evidence defendant believes is exculpatory or inadequate, is not a valid basis for requiring production of transcripts.

---

[1] The Motion also argues that the government mislead the grand jury about "his purported theft and false statements in this case." (Mot. at 6.)  The government assumes this is a typographical error and does not address it.

Walczak, 783 F.2d at 857; United States v. Calandra, 414 U.S. 338, 345 (1974). The motion should be denied in its entirety.

**II. STATEMENT OF FACTS[2]**

On March 26, 2021, the Honorable Karen L. Stevenson, United States Magistrate Judge, issued a criminal Complaint, charging TODOROVA with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

On April 23, 2021, a federal grand jury returned a no bill on an Indictment, charging defendant with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

That same day, the Honorable Steve Kim, United States Magistrate Judge, issued a criminal Complaint, charging defendant with Possession with Intent to Distribute MDMA, in violation of 18 U.S.C. 841(a)(1), (b)(1)(C). (Dkt. 1.)

On May 18, 2021, a federal grand jury returned an Indictment, charging defendant with Possession with Intent to Distribute Cocaine and MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (C). (Dkt. 17.)

On February 24, 2022, a federal grand jury returned a First Superseding Indictment, charging defendant and co-defendant Mucktarr Kather Sei with various drug distribution crimes, including Conspiracy to Distribute Controlled Substances Resulting in Death, in violation of 21 U.S.C. 846. (Dkt. 64.)

---

[2] As defendant notes, this motion is predicated on the same facts supporting her Motion for a Franks Hearing (Dkt. 215.) The government incorporates herein the factual basis and responses to defendant's allegations in its Opposition to Defendant's Motion for a Franks hearing, which will be filed by May 6, 2024. (Dkt. 249.)

On April 3, 2024, a federal grand jury returned the SSI, charging defendant and co-defendants Sei, Christopher Moreno Nunez, and Ashley Johnson with various drug distribution crimes, including Conspiracy to Distribute Controlled Substances Resulting in Death or Serious Bodily Injury, in violation of 21 U.S.C. 846. (Dkt. 185.)

## III. ARGUMENT

### A. Legal Standard

Rule 6(e)(2) of the Federal Rules of Criminal Procedure generally precludes discovery of grand jury transcripts. United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958) (there is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts"). A court may order the release of grand jury material "only when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." Walczak, 783 F.2d at 857 (cleaned up); United States v. De Tar, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Discovery of such records may not be ordered unless the defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh the policy of grand jury secrecy.").

### B. Defendant Fails to Meet Her Burden to Pierce Grand Jury Secrecy Through Her Alleged Exculpatory Questions

Defendant proposes eleven questions that she believes justifies disclosure of the grand jury transcripts, but her presentation of only speculative questions shows exactly why the Court should deny the motion. The Ninth Circuit has squarely held that speculation or questions do not "constitute[] particularized need" sufficient to breach the presumption of grand jury secrecy. Walczak, 783 F.2d at 857 (affirming the denial of a motion for grand jury transcripts

where the defendant did not allege specific facts and offered only a speculative motion); United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978) (refusing to sanction "fishing expeditions by defense counsel"); United States v. Moore, 825 F. App'x 453, 457 n.1 (9th Cir. 2020) ("mere speculation" is insufficient to establish a particularized need).  The Court should deny the motion on that basis alone.  See also United States v. Schneider, No. 22-10340, 2023 WL 8714899, at *1 (9th Cir. Dec. 18, 2023) (district court did not abuse its discretion in refusing to review the materials *in camera* when the defendant relied on "speculative allegations" about the grand jury proceedings).

    Moreover, almost all eleven questions posed by defendant underlie defendant's speculative claim that the government failed to present what she believes is exculpatory or inadequate evidence of her guilt to the grand jury.[3]  It is also well-established that the government "simply ha[s] no duty to present exculpatory evidence to grand juries."  United States v. Isgro, 974 F.2d 1091, 1098 (9th Cir. 1992); United States v. Williams, 504 U.S. 36, 51 (1992) ("[R]equiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body").  Likewise, "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of

---

[3] Because defendant presented questions, she did not further specify their alleged exculpatory value.  For example, question eleven pertains to what defendant believes was her arrest and "illegal det[ention]" prior to the search of her apartment.  (Mot. at 4.)  To the extent defendant believes her arrest somehow tainted the evidence obtained from her warrant, the Fourth Amendment's exclusionary bar to illegally obtained evidence does not apply to grand jury proceedings.  Calandra, 414 U.S. at 351-52.

inadequate or incompetent evidence." Calandra, 414 U.S. at 345; Williams, 504 U.S. at 54 ("a challenge to the reliability or competence of the evidence presented to the grand jury will not be heard") (cleaned up).  Accordingly, while defendant is mistaken about both the factual premises of her questions and the inferences she would impose on a jury at trial, she is not entitled to grand jury transcripts even if the Court were to assume her speculations about exculpatory evidence were true; the government's decision not to present such evidence would not support a motion to dismiss the Indictment, and therefore is not grounds for disclosure of the Grand Jury transcript under Rule 6(e)(3)(E).  See also United States v. Morales, No. 2:05-cr-0443-WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007) (the defendant's "own evaluation of the evidence," which led him to conclude that the grand jury must have been erroneously instructed, was insufficient to show a particularized need for grand jury transcripts).

Question Nine posed by defendant is different than the others because it speculates that the government "misinform[ed]" the grand jury about whether defendant entered into a "cartel stash house." (Mot. at 3.)  Dismissal of an indictment is only proper where there is "flagrant" government misconduct, such as "knowing perjury" "relating to a material matter." United States v. Kennedy, 564 F.2d 1329, 1338 (9th Cir. 1977); United States v. Navarro, 608 F.3d 529, 539 (9th Cir. 2010) (holding even "extensive prosecutorial misconduct" before the grand jury, though it calls for contempt or disciplinary proceedings, may not justify dismissal of an indictment).  As the government will explain further in its opposition to defendant's motion for a Franks hearing, defendant's

5

factual claims about the "cartel stash house" are misplaced and immaterial.[4]  In any event, defendant's speculation about what information about the "cartel stash house" may or may not have been presented to the grand jury are insufficient to obtain grand jury transcripts. Walczak, 783 F.2d at 857.  Moreover, the topic of the alleged cartel stash house is immaterial to challenging the grand jury's decision to return an indictment charging her with the various drug distribution charges. See Kennedy, 564 F.2d at 1338 (flagrant misconduct, such as knowingly presenting perjury, must relate to a "material" matter).  As detailed in the SSI itself, the evidence of defendant's drug distribution activities include, but are not limited to: defendant's own statements; identification by co-conspirators; identification by victims; and cell phone geolocation data.  Thus, this defendant-manufactured issue of a "cartel stash house" -- which does not even appear in the SSI -- is immaterial. United States v. Basurto, 497 F.2d 781, 785 (9th Cir. 1974) ("when a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision"); United States v. Rowen, No. 19-CR-00486-CRB-1, 2021 WL 2186222, at *4 (N.D. Cal. May 28, 2021) (denying the defendant's request for disclosure of grand jury transcripts because even if the government presented "any alleged deception . . . or disclosure of privileged information" to the grand jury, the indictment "contain[ed] enough additional allegations to conclude that the grand jury would have returned the indictment"

---

[4] As the government will explain in its upcoming opposition to the Franks Motion, defendant stated in text messages and confessions that she picked up drugs from M.H.  The address of that building, which was texted to her by M.H., was 1879 West Adams Blvd.

regardless and rendered the allegedly deceptive or privileged information immaterial).

Defendant's cited decisions for production of grand jury transcripts are inapposite because the defendants in those cases made affirmative showings that defendant has failed to make here. In United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991), the Court found that the government breached its immunity agreement with the defendant; no such breach is present here.[5] In United States v. Serubo, 604 F.2d 807, 809 (3d Cir. 1979), the government turned over the grand jury transcripts pursuant to Brady v. Maryland, which the government has not done here. In United States v. Carona, No. SACR 06-0224 AG, 2008 WL 1970205, at *5 (C.D. Cal. May 2, 2008), the government agreed that the Court should review the grand jury transcripts *in camera*; the government has not done so here. In United States v. DiBernardo, 552 F. Supp. 1315, 1317-18 (S.D. Fla. 1982), the government disclosed that its grand jury witness had "psychiatric problems" affecting his ability distinguish identity. That factual scenario is inapplicable here. United States v. Twersky, No. S2 92 CR. 1082 (SWK), 1994 WL 319367, at *5 (S.D.N.Y. June 29, 1994), involved erroneous legal instructions. Here, defendant only challenges whether alleged exculpatory evidence was provided to the grand jury, which the government is not obligated to provide. Isgro, 974 F.2d at 1098. Finally, defendant cites to United States v. Talao, No. CR-97-0217-VRW, 1998 WL 1114043, at *17 (N.D. Cal. Aug. 14, 1998), but the district court in Talao ultimately

---

[5] Contrary to defendant's parenthetical, the Ninth Circuit affirmed the district court's denial of the defendant's motion for full access to the transcripts. Plummer, 941 F.2d at 807.

7

ruled: "(4) defendants' motion for production of grand jury records, for review of grand jury testimony, and to dismiss (Doc # 46, pts 1-3) is DENIED." As defendant has failed her burden to show a particularized need for grand jury transcripts, her citations to decisions dismissing cases are similarly inapplicable. (Mot. at 5-6.)

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the motion in its entirety.

8