JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
     1400/1200/1000/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652/5487/2686
     Facsimile: (213) 894-0142/0141/6269
     E-mail:  Patrick.Castaneda@usdoj.gov
              Jason.Pang@usdoj.gov
              Suria.Bahadue@usdoj.gov
              James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MIRELA TODOROVA,<br><br>            Defendant. | Case No. 2:21-CR-00244(B)-AB<br><br>GOVERNMENT'S TRIAL MEMORANDUM RE: CRIMINAL FORFEITURE<br><br>Trial Date: February 18, 2025<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the Hon.<br>            André Birotte Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda, Jason C. Pang, Suria M. Bahadue, and James E. Dochterman, hereby submit their Trial Memorandum Regarding Criminal Forfeiture.

This Trial Memorandum Regarding Criminal Forfeiture is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 12, 2025          Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

 */s/ James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.   **INTRODUCTION**..................................................1

II.  **CRIMINAL FORFEITURE IS SOUGHT FOR CERTAIN SEIZED U.S. CURRENCY AND BANK FUNDS**.......................................1

  A. Overview of Criminal Forfeiture............................1

  B. The Property Sought for Criminal Forfeiture...............3

     1. Property seized on or about March 24, 2021:..........3

     2. Property seized on or about April 5, 2021:...........3

  C. The Relevant Statues Authorizing Criminal Forfeiture......3

     1. 21 U.S.C. § 853 Authorizes Criminal Forfeiture Based on Any Conviction of the Drug Offenses Specified in Counts One Through Eight................3

III. **CRIMINAL FORFEITURE PROCEDURES**.................................4

  A. The Requirements for Notice of Intent to Seek Forfeiture and Retaining the Jury..........................4

  B. Evidentiary Rules During the Forfeiture Phase of Trial.....................................................6

  C. The Jury's Role and the Burden of Proof During the Forfeiture Phase of Trial.................................7

  D. Forfeiture is Mandatory..................................10

  E. Third Party Rights are not Determined by the Jury During the Forfeiture Phase of Trial, but Rather Only Later by the Court per 21 U.S.C. § 853(n)................10

IV.  **CONCLUSION**....................................................13

**TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

Alleyne v. United States,
  570 U.S. 99 (2013) ........................................... 8
Apprendi v. New Jersey,
  530 U.S. 466 (2000) .......................................... 8
Kaley v. United States,
  571 U.S. 320 (2014) .......................................... 2
Libretti v. United States,
  516 U.S. 29 (1995) ..................................... 1, 7, 8
Southern Union Co. v. United States,
  567 U.S. 343 (2012) .......................................... 8
United States v. Ali,
  619 F.3d 713 (7th Cir. 2010) ................................. 7
United States v. Andrews,
  530 F.3d 1232 (10th Cir. 2008) .............................. 11
United States v. Babichenko,
  2023 WL 3221115 (D. Idaho May 2, 2023) .................... 6, 7
United States v. Blackman,
  746 F.3d 137 (4th Cir. 2014) ................................. 2
United States v. Booker,
  543 U.S. 220 (2005) .......................................... 8
United States v. Capoccia,
  503 F.3d 103 (2d Cir. 2007) ............................... 6, 7
United States v. Creighton,
  52 F. App'x 31 (9th Cir. 2002) ............................... 6
United States v. Derman,
  211 F.3d 175 (1st Cir. 2000) .............................. 8, 9
United States v. Feldman,
  853 F.2d 648 (9th Cir. 1988) ................................. 1
United States v. Ferrario-Pozzi,
  368 F.3d 5 (1st Cir. 2004) ................................... 9
United States v. Garcia-Guizar,
  160 F.3d 511 (9th Cir. 1998) ................................. 9

**TABLE OF AUTHORITIES (CONTINUED)**

**Cases**                                                                                           **Page(s)**

United States v. Hernandez-Escarsega,
  886 F.2d 1560 (9th Cir. 1989) .................................. 9
United States v. Hively,
  437 F.3d 752 (8th Cir. 2006) ................................... 5
United States v. Lazarenko,
  476 F.3d 642 (9th Cir. 2007) ............................ 2, 9, 12
United States v. Louthian,
  756 F.3d 295 (4th Cir. 2014) ................................... 2
United States v. Messino,
  382 F.3d 704 (7th Cir. 2004) ................................... 3
United States v. Monsanto,
  491 U.S. 600 (1989) ........................................... 10
United States v. Moreno,
  618 F. App'x 308 (9th Cir. 2015) ............................... 5
United States v. Nava,
  404 F.3d 1119 (9th Cir. 2005) .............................. 9, 11
United States v. Newman,
  659 F.3d 1235 (9th Cir. 2011) ................................. 10
United States v. Nicolo,
  597 F. Supp. 2d 342 (W.D.N.Y. 2009) ........................... 12
United States v. Peters,
  732 F.3d 93 (2d Cir. 2013) ..................................... 7
United States v. Petty,
  982 F.2d 1365 (9th Cir. 1993) .................................. 6
United States v. Phillips,
  704 F.3d 754 (9th Cir. 2012) ................................... 8
United States v. Pollard,
  850 F.3d 1038 (9th Cir. 2017) .................................. 2
United States v. Schlesinger,
  396 F. Supp. 2d 267 (E.D.N.Y. 2005) ........................... 12
United States v. Segal,
  339 F. Supp. 2d 1039 (N.D. Ill. 2004) .......................... 8

**TABLE OF AUTHORITIES (CONTINUED)**

United States v. Shryock,
   342 F.3d 948 (9th Cir. 2003) ..................................... 9
United States v. Simon,
   2010 WL 5359708 (N.D. Ind. Dec. 21, 2010) ....................... 2
United States v. Ursery,
   518 U.S. 267 (1996) ............................................. 2
United States v. Vampire Nation,
   451 F.3d 189 (3d Cir. 2006) ..................................... 2
United States v. Warshak,
   631 F.3d 266 (6th Cir. 2010) ................................ 7, 10
United States v. Wilkes,
   662 F.3d 524 (9th Cir. 2011) .................................... 5
United States v. Yeje-Cabrera,
   430 F.3d 1 (1st Cir. 2005) ..................................... 11

Statutes
18 U.S.C. § 982(b) ................................................. 8
21 U.S.C. § 841 ................................................... 10
21 U.S.C. § 841 (a)(1) ............................................. 4
21 U.S.C. § 841 (b)(1)(A)(viii) .................................... 4
21 U.S.C. § 841 (b)(1)(B)(ii) ...................................... 4
21 U.S.C. § 841 (b)(1)(C) .......................................... 4
21 U.S.C. § 846 ................................................ 4, 10
21 U.S.C. § 853 ............................................ 3, 7, 8, 9
21 U.S.C. § 853(a) ................................................. 4
21 U.S.C. § 853(a)(1) ........................................... 4, 7
21 U.S.C. § 853(d) ................................................. 4
21 U.S.C. § 853(n) ............................................ 10, 11
U.S.S.G. § 5E1.4 ................................................... 2

Rules
Fed. R. Crim. P. 32 ................................................ 6
Fed. R. Crim. P. 32.2 .................... 4-5, 5, 6, 7, 8, 9, 10, 11
Fed. R. Crim. P. 32.2(a) ........................................... 4

**TABLE OF AUTHORITIES (CONTINUED)**

Fed. R. Crim. P. 32.2(b)(1)......................................... 7
Fed. R. Crim. P. 32.2(b)(1)(A)................................... 5, 7
Fed. R. Crim. P. 32.2(b)(1)(B)...................................... 6
Fed. R. Crim. P. 32.2(b)(2)........................................ 11
Fed. R. Crim. P. 32.2(b)(2)(A)................................... 9, 10
Fed. R. Crim. P. 32.2(b)(5)......................................... 5
Fed. R. Crim. P. 32.2(b)(5)(A)...................................... 5
Fed. R. Crim. P. 32.2(b)(5)(B)...................................... 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In addition to setting forth criminal charges, the Second Superseding Indictment in this action includes one forfeiture allegation. On August 2, 2024, the government filed a Bill of Particulars that identifies property subject to forfeiture. ()Dkt. 367.) This trial memorandum states the procedures applicable during the criminal forfeiture phase of trial, in the event that defendant Mirela Todorova is found guilty of any of the offenses charged in Counts One through Eight of the Second Superseding Indictment and defendant timely requests that the Court retain the jury.

Pursuant to these criminal forfeiture procedures, the Court or jury would then determine whether to forfeit the defendant's interest in the associated property that is specified in the Bill of Particulars and subject to forfeiture by the Second Superseding Indictment's forfeiture allegation.

**II.  CRIMINAL FORFEITURE IS SOUGHT FOR CERTAIN SEIZED U.S. CURRENCY AND BANK FUNDS.**

**A.  Overview of Criminal Forfeiture**

Criminal forfeiture is not an element of the underlying substantive offense, rather it is "an aspect of punishment imposed following conviction of a substantive criminal offense." Libretti v. United States, 516 U.S. 29, 39 (1995); see also United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal

1

organizations of the instrumentalities and profits of their illegal conduct; to lessen their economic influence; and to deter future criminal conduct. See Kaley v. United States, 571 U.S. 320, 323 (2014); United States v. Ursery, 518 U.S. 267, 291 (1996) (forfeiture "serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts."). It can also be used to compensate victims because, realistically, a victim's hope of getting paid may rest on the Government's superior ability to collect and liquidate a defendant's assets under forfeiture laws. See United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014).

Criminal forfeiture is in personam, in that it may be imposed only after a criminal conviction, and applies only to the property of the convicted defendant. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" -- the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself); United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the offense of conviction and any corresponding statute authorizing the forfeiture. U.S.S.G. § 5E1.4; see, e.g., United States v. Pollard, 850 F.3d 1038, 1041-1043 (9th Cir. 2017) (criminal forfeiture authorized upon conviction and existence of an available civil or criminal forfeiture statute); cf. United States v. Simon, 2010 WL 5359708, at *1 (N.D. Ind. Dec. 21, 2010) (court cannot order forfeiture based on defendant's conviction for fraud involving federal financial aid because Congress has not authorized forfeiture for that offense).

The forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted. See United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

**B.     The Property Sought for Criminal Forfeiture**

As described in the Bill of Particulars, the government seeks to forfeit the defendant's interests in various seized bank funds and U.S. currency (totaling approximately $498,555.08), described below.

    1.  Property seized on or about March 24, 2021:
  i.   $6,039.00 in U.S. Currency seized from a residence in Hollywood, California (CATS ID: 21-DEA-676360);
  ii.  $2,550.00 in U.S. Currency seized from a residence in Hollywood, California (CATS ID: 21-DEA-676361);
  iii. $291,096.95 in funds seized from an E*Trade Financial Corporate Services Inc., account ending in x0745 (CATS ID: 21-DEA-677167);

    2.  Property seized on or about April 5, 2021:
  iv.  $169,141.14 in funds seized from a Bank of America account ending in x0938 (CATS ID: 21-DEA-677166); and
  v.   $29,727.99 in funds seized from a Bank of America account ending in x6051 (CATS ID: 21-DEA-677165).

(collectively, the "forfeitable property").

**C.     The Relevant Statues Authorizing Criminal Forfeiture**

    1.  <u>21 U.S.C. § 853 Authorizes Criminal Forfeiture Based on Any Conviction of the Drug Offenses Specified in Counts One Through Eight.</u>

Title 21, United States Code, section 853, sets forth the criminal forfeiture authority applicable to any of Counts One through Eight, as charged in the Second Superseding Indictment's single

3

Forfeiture Allegation. Section 853(a) authorizes criminal forfeiture upon conviction of any violation of 21 U.S.C. §§ 846 (Conspiracy to Distribute and Possession with Intention to Distribute Controlled Substances), 841(a)(1) and (b)(1)(C) (Distribution of Fentanyl Resulting in Death and Serious Bodily Injury), and 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), and (b)(1)(C) (Possession with Intent to Distribute Controlled Substances). Section 853(a)(1) requires forfeiture of "any property constituting, or derived from, any proceeds the [defendant] obtained, directly or indirectly, as the result of such violation."

Section 853(d) further establishes a rebuttable presumption that the defendant's property interests in the forfeitable property are forfeitable if the defendant is convicted of any of Counts One through Eight, and the government proves by a preponderance of the evidence that: "(1) such property was acquired by [the defendant] during the period of the violation of [any of Counts One through Eight] or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of [any of Counts One through Eight]. See 21 U.S.C. § 853(d).

Last, section 853(a) mandates that the forfeiture take place within the criminal case, as part of defendant's sentence.

### III. CRIMINAL FORFEITURE PROCEDURES

**A. The Requirements for Notice of Intent to Seek Forfeiture and Retaining the Jury.**

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains

4

notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The Second Superseding Indictment here provided such notice. (Second Superseding Indictment, Dkt. 185 at 32-33.)

Following conviction, forfeitability of property sought for forfeiture is determined either by the Court or the jury, depending on the election of either party. Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Federal Rule of Criminal Procedure 32.2(b)(5) further requires a party to specifically request that the jury be retained. United States v. Wilkes, 662 F.3d 524, 549-550 (9th Cir. 2011); United States v. Moreno, 618 F. App'x 308, 313, 315-316 (9th Cir. 2015) (failure to make Rule 32.2 objection/request results in waiver of jury for forfeiture); see also United States v. Hively, 437 F.3d 752, 763 (8th Cir. 2006) (defendant waived his right to have jury determine the forfeiture by not making a specific request to have jury retained for that purpose).

The Court "must determine before the jury begins deliberating" whether to retain it for forfeiture proceedings. Fed. R. Crim. P. 32.2(b)(5)(A). If a party timely requests to retain the jury, the

Court would need to instruct the jury on how to decide the forfeiture issues presented to it, which are distinct from the guilt phase of trial. The parties must also prepare a special forfeiture verdict form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant. Fed. R. Crim. P. 32.2(b)(5)(B).

In this case, the government does not request a jury determination and consents to the Court determining forfeiture.

### B. Evidentiary Rules During the Forfeiture Phase of Trial.

The forfeiture determination may be based upon evidence already in the record, and on any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32(b)(1)(B); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

The government intends to introduce all evidence relevant to forfeiture in the guilt phase of the trial. But, to the extent that the government needs to offer new evidence during the forfeiture phase, **hearsay evidence with sufficient indicia of reliability to support its probable accuracy is admissible, as the forfeiture phase of the trial is a part of the sentencing process**. United States v. Creighton, 52 F. App'x 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase); United States v. Babichenko, 2023 WL 3221115, at *2 (D. Idaho May 2, 2023) (adopting to criminal forfeiture the holdings of United States v. Petty, 982 F.2d 1365, 1367 (9th Cir. 1993) as it

6

pertains to sentencings); see also United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); Capoccia, 503 F.3d at 109 (Federal Rule of Criminal Procedure 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible).

**C. The Jury's Role and the Burden of Proof During the Forfeiture Phase of Trial.**

The jury's role during the forfeiture phase is limited. The **only** question for the jury to decide is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase (if any), establishes that there is the requisite "nexus" between the underlying crime(s) of conviction and the property sought to be forfeited by the government. Fed. R. Crim. P. 32.2(b)(1)(A); see United States v. Peters, 732 F.3d 93, 98 (2d Cir. 2013); see also United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (in the forfeiture phase, the only question is the nexus between the conduct and the offense).

This "nexus" is defined by statute for each offense for which forfeiture is authorized. See e.g. Libretti v. United States, 516 U.S. 29, 42, 44 (1995) (stating the section 853 requirement that forfeitable property "has to be the product of a drug transaction.")

Here, the requisite nexus is "any property constituting, or derived from, any proceeds the [defendant] obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). The Second Superseding Indictment provided sufficient notice that the

7

government would seek forfeiture of precisely such forfeitable property, which was further specified in the Bill of Particulars.

In other words, the jury **cannot** be asked to decide:

1. Whether the property should be forfeited. See United States v. Segal, 339 F. Supp. 2d 1039, 1044 (N.D. Ill. 2004), aff'd, 495 F.3d 826 (7th Cir. 2007) (verdict form should not ask the jury what part of defendant's interest should be forfeited; the jury's only role is to determine whether government has established the requisite nexus between the property and the offense).

2. The amount or portion of the property that the government must prove to be forfeited. See United States v. Phillips, 704 F.3d 754, 770 (9th Cir. 2012) (Southern Union Co. v. United States, 567 U.S. 343 (2012), Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005) do not apply to criminal forfeiture; Libretti v. United States, 516 U.S. 29, 39 (1995) remains binding on the lower courts until Supreme Court reconsiders it, and the Apprendi cases only apply if there is a statutory maximum and there is no statutory maximum for forfeiture); on remand United States v. Phillips, 2013 WL 3892923 (W.D. Wash. July 26, 2013) (Alleyne v. United States, 570 U.S. 99 (2013) does not apply to criminal forfeiture); see also 18 U.S.C. § 982(b); 21 U.S.C. § 853; Federal Rules of Criminal Procedure 32.2.

3. Whether forfeiture would be a violation of the Eighth Amendment. See United States v . Derman, 211 F.3d 175, 184 (1st Cir. 2000) (whether property comprises one parcel or

8

|     |                                                                                       |
| --- | ------------------------------------------------------------------------------------- |
| 1   | two and whether forfeiture would violate Eighth Amendment                             |
| 2   | are issues for court, not jury), superseded by stat. United                           |
| 3   | States v. Ferrario-Pozzi, 368 F.3d 5 (1st Cir. 2004).                                 |
| 4   | 4.  To determine property ownership. See Fed. R. Crim. P.                             |
| 5   | 32.2(b)(2)(A) (not for jury); Lazarenko, 476 F.3d at 658                              |
| 6   | ("Upon a finding that the property involved is subject to                             |
| 7   | forfeiture, a court must promptly enter a preliminary order                           |
| 8   | of forfeiture without regard to a third party's interests in                          |
| 9   | the property.") (emphasis added); United States v. Nava, 404                          |
| 10  | F.3d 1119, 1132 (9th Cir. 2005) (district court properly                              |
| 11  | instructed jury that questions of ownership "were not before                          |
| 12  | them," therefore jury's return of special verdict of                                  |
| 13  | forfeiture says nothing about the ownership of the                                    |
| 14  | property); see also Section III.E., below.                                            |

15    The government caries the burden, which is preponderance of the
16 evidence. See United States v. Shryock, 342 F.3d 948, 991 (9th Cir.
17 2003) (regarding forfeiture under 21 U.S.C. § 853, "statutorily-
18 prescribed forfeiture is constitutional when supported by the
19 preponderance of the evidence."); see also United States v. Garcia-
20 Guizar, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is
21 constitutional because criminal forfeiture is not a separate offense,
22 but only additional penalty for offense previously established beyond
23 a reasonable doubt); United States v. Hernandez-Escarsega, 886 F.2d
24 1560, 1576-1577 (9th Cir. 1989) (interpreting 21 U.S.C. § 853, the
25 forfeiture statute applicable to most criminal forfeiture
26 proceedings).

27    Furthermore, at the forfeiture stage, a defendant is **not**
28 permitted to relitigate the legality of his or her conduct or

9

otherwise attempt to undermine the jury's finding of guilt.[1] Warshak, 631 F.3d at 331 (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal).

### D. Forfeiture is Mandatory.

If the jury finds that there is such a nexus, namely that the forfeitable property is traceable to any violation of 21 U.S.C. § 846 or 841, as stated in Counts One through Eight, the Court must promptly enter a preliminary order of forfeiture ("POOF") which forfeits all of defendant's right, title, and interest in forfeitable property. See Fed. R. Crim. P. 32.2(b)(2)(A) (POOF mandatory); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

### E. Third Party Rights are not Determined by the Jury During the Forfeiture Phase of Trial, but Rather Only Later by the Court per 21 U.S.C. § 853(n).

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination of who is the owner of the property subject to forfeiture, which may involve third parties. Resolution of third party interests is addressed at 21 U.S.C. § 853(n) and sets forth specific rules for how to resolve third

---

[1] Should the defendant attempt to do so, the government requests a limiting instruction.

10

party interests, namely via ancillary proceedings. See 21 U.S.C. § 853(n)("Third Party Interests").

"Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be – in the criminal case. At that point, the court conducts a **separate** proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."). Federal R. Crim. P. 32.2 (2000 Adoption Advisory Committee Notes); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); see also United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); see also United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership, as that issue is deferred to the ancillary proceeding).

**In other words, the jury cannot consider, nor can defendant ask the jury to consider, the impact on third party rights, titles, and interests in the forfeitable property.**

Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant cannot object to the entry of a POOF on the ground that the

11

property at issue does not belong to him or would unduly impact a purported innocent third party. See Lazarenko, 476 F.3d at 652; see also United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited.").

//

//

**IV. CONCLUSION**

The government respectfully requests that the Court follow the aforementioned procedures in the event that the defendant is found guilty of any of the offenses charged in Counts One through Eight of the Second Superseding Indictment.

Dated: February 12, 2025          Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

 /s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

13